[Crim. No. 5841.   Second Dist., Div. One.   May 13, 1957.]

In re GLENN GORDON DAVIS, on Habeas Corpus.

Morris Lavine for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Lewis Watnick, Deputy District Attorneys, for Respondent.

DORAN, J.—The petitioner was convicted of grand theft, and on February 28, 1951, the superior court suspended pronouncement of judgment and admitted petitioner to probation for a period of five years. Conditions imposed on probation include a provision that petitioner spend ''the first two years of the probationary period'' in the county jail, and make restitution as proposed by the probation officer, the total amount of which was in excess of $16,000. Petitioner's motion for a new trial was denied, an appeal was taken, resulting in an affirmance. (*People* v. *Davis,* 112 Cal.App.2d 286 [246 P.2d 160], July 18, 1952.)

A certified copy of the minutes of the court for February 28, 1951, after stating the terms of probation, states: ''. . . Notice of Appeal . . . filed. Stay of execution of jail term is granted. Bond . . . file.'' However, as stated in respondent's Points and Authorities in opposition to the granting of a Writ of Habeas Corpus, a written order, bearing the heading of petitioner's attorney, and signed by Judge John J. Ford, reads in part as follows: ''. . . it is ordered that the judgment *and proceedings* in the above entitled case be stayed to and including the conclusion of the appeal.'' (Italics added.)

Following the affirmance on appeal, the Minutes of August 21, 1952, state, ''Defendant surrendered on remittitur. The Order of February 28, 1951 granting probation is ordered into full force and effect. . . .'' Thereafter the petitioner served the two-year jail sentence which was a condition of the probation.

On May 21, 1956, on a hearing of the defendant's motion to terminate probation, Judge Stanley Mosk granted the motion on the theory that ''the order of March 5 stayed in only as to the jail portion of the order for probation.'' Actually, there was no such order although, as hereinbefore indicated, the clerk's minute order did contain the words, ''Stay of execution of jail sentence is granted.'' Judge Ford's signed order, previously quoted, specifically stayed ''proceedings in the above entitled case'' pending conclusion of the appeal.

Thereafter, on July 27, 1956, on the stipulation of the defendant and defendant's attorney, Judge Mosk vacated

the previous order terminating probation, and modified the probation to allow the defendant to leave the state for business purposes. On December 31, 1956, the court found the defendant in violation of probation, revoked the same and restored the defendant "to probation on the original terms and condition plus the following condition: Probation is extended an additional two years; serve the next thirty days in the County Jail; make monthly report of income (including source) and expenditures . . . and pay not less than 10 per cent of gross income monthly on restitution." Thereafter the defendant filed the present petition of habeas corpus, the writ was issued, the sheriff of Los Angeles County made return showing that the petitioner was being held on the above order.

The petitioner contends that the probationary period expired on February 28, 1956, five years after the original order, regardless of the appeal, and that therefore the order of December 31, 1956, committing petitioner to jail and extending the probation another two years, was without jurisdiction and void. Such theory is untenable. In contradiction of petitioner's argument that only the jail sentence and not the probation, was suspended during the appeal is the signed order by Judge Ford definitely suspending the "proceedings in the above entitled case." The term "proceedings" would obviously include the probation order. As respondents state, the words, "stay of execution of jail term is granted," appearing in the minutes, are merely "the words of the Clerk," and do not constitute the order which included all "proceedings."

Nor is there any merit in any of the petitioner's contentions. Section 1203.3 gives the court full power to revoke, modify or terminate probation. Probation is not a matter of right, and where it appears that a defendant has not complied with the terms of probation in reference to the making of reports and proper efforts at restitution it is entirely proper to revoke or modify the order. Actually, in the instant case, the petitioner has little to complain about, for the record indicates that the court has been properly lenient and that the probation has been extended in an effort to make the burden as light as possible. Moreover, as respondent points out, the order suspending proceedings pending appeal was prepared by the petitioner's attorney. Likewise, both petitioner and attorney stipulated to the vacating of the order terminating probation and the modification of the original probation.

The writ is discharged and the petitioner remanded to the custody of the sheriff.

White, P. J., and Fourt, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 10, 1957.