[Crim. No. 3474. Third Dist. Aug. 1, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ERWIN SIDNEY BAGLEY, Defendant and Appellant.

Mrs. Marvel Shore, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

PIERCE, P. J.—Defendant appeals from an order dated April 29, 1963, revoking probation and remanding defendant to the sheriff to serve a six-month sentence theretofore imposed.

Although the sequence of events began with the imposition

of a 60-day sentence upon appellant for being drunk in a public place and the total of days served in jail to date under sentences (or as a condition to probation) by defendant has been nearly 10 months, there is no merit to the appeal. Appellant's original offense was only the first of a series.

 Appellant contends the trial court abused its discretion in revoking probation under the following facts:

After having served 19 days of the sentence mentioned above defendant escaped, was apprehended, and pleaded guilty to a charge of escape. On October 11, 1961, he was granted probation, for a period of five years, among the conditions of which were (1) that he be kept in the county jail for six months, (2) that he pay a $250 fine in monthly installments to be arranged with the probation officer, (3) that he advise the probation officer monthly as to his whereabouts (residence, changes of residence, places of employment). Appellant served six months in the county jail. He was released from custody March 28, 1962.

Thereafter he made no reports to the probation officer, made no payments on the fine of $250. A bench warrant was issued and appellant was arrested December 21, 1962, and brought before Judge Stoll. His excuse for violation of probation was that he had not received a copy of the probation order. The judge reinstated the probation.

On January 28, 1963, appellant was back in court. He had personally prepared a habeas corpus petition but, appearing before Judge Steel, he was represented by counsel (as he had been at all times previously). It appeared he had been arrested in San Jose on the warrant previously issued which had been canceled. Judge Steel denied habeas corpus but on February 1, 1963, pronounced sentence of six months in the county jail and suspended execution, granting two years' probation, one of the conditions of which was that appellant was required to pay the fine previously imposed at the rate of $50 per month. He was also required to report to the probation officer weekly either by letter, phone or personally for the first six weeks. At this time the judge stated: "[I]f you live up to it you will have nothing more to concern you and at the end of the two-year period, or sooner if the court sees fit, you may come back into this court, withdraw your plea of guilty, enter a plea of not guilty and be relieved of any future penalties. On the other hand, you understand that if you violate any provision of this probation, and I don't want any alibis or anything else on that, you will

be brought back. There will be no further hearing. I have pronounced judgment. Into the bucket you will go. Do you understand that? THE DEFENDANT: Yes.''

Again appellant failed to report and no payments were made on the fine. Another bench warrant was issued. The matter was heard April 29, 1963. Appellant was represented by counsel. His excuse this time was that he had been looking for work in Sacramento, San Francisco and Marysville; had been doing spot jobs, had been living in hotels, and hadn't had a permanent address. "THE COURT: You didn't communicate with the probation officer as provided in the order, did you? THE DEFENDANT: No, Your Honor, I didn't. I had enough money to eat on. I was trying so hard to get work. I was making Union calls. I didn't know where I would get work.''

Thereupon the court revoked the probation.

The facts show a wilful failure to comply with the condition of the probation order that appellant report. There was no abuse of discretion by the court.

Granting of probation is an act of clemency. (*In re Osslo,* 51 Cal.2d 371, 377 [334 P.2d 1].) It rests in the sound discretion of the court. (*In re Larsen,* 44 Cal.2d 642, 645 [283 P.2d 1043]; *In re Davis,* 37 Cal.2d 872, 874 [236 P.2d 579].) The trial court is authorized to revoke probation for violation of the conditions of probation. (Pen. Code, § 1203.2.) Failure to make the required reports was sufficient cause for the revocation. (*In re Davis,* 150 Cal.App. 2d 790, 792 [310 P.2d 1031].)

The order appealed from is affirmed.

Schottky, J., and Friedman, J., concurred.