[Civ. No. 22711.   Second Dist., Div. Two.   May 20, 1958.]

FRANK C. SILVA, Appellant, v. JUSTICE COURT OF THE LOMPOC JUDICIAL DISTRICT et al., Respondents.

Douglas G. Hitchcock for Appellant.

Vern B. Thomas, District Attorney (Santa Barbara), and James T. Barnes, Deputy District Attorney, for Respondents.

HERNDON, J.—This is an appeal from an order of the superior court denying a petition for a writ of prohibition. Appellant, petitioner below, was convicted in the justice court of the Lompoc Judicial District of a violation of section 270 of the Penal Code (failure to provide for a minor child) and was sentenced to serve 90 days in the Santa Barbara county jail.

Fifteen months after that sentence was pronounced, ap-

pellant filed in the superior court a petition in which he prayed for a writ of prohibition "commanding said [justice] Court to desist from any further proceedings in said matter, and that the Judge be restrained from incarcerating the petitioner until this matter shall be disposed of."

The petition alleges in substance that on February 15, 1956, appellant was sentenced by the justice court to 90 days in the county jail for failure to provide for an unborn illegitimate child in violation of section 270 of the Penal Code, a misdemeanor; that appellant had never been married to the mother of the child, and that the justice court was without jurisdiction "to consider the issues of parenthood on the merits."

The sole contention of appellant on this appeal is that the justice court was without jurisdiction to determine the issue of paternity presented by his plea to the charge of a violation of Penal Code, section 270.

The contention is without merit. In 1949 section 1425 of the Penal Code (Stats. 1949, ch. 1518, p. 2701) was amended, and it expressly provides that "justice courts . . . shall have jurisdiction of cases amounting to a misdemeanor under Section 270 of the Penal Code . . ." No question is raised with respect to the constitutionality of this statutory provision which seems to be entirely consistent with the provisions of sections 5 and 11 of article VI of the California Constitution which authorizes the Legislature to provide by general laws for the jurisdiction of municipal and justice courts.

In the case of *In re Clarke*, 149 Cal.App.2d 802, 808 [309 P.2d 142], this court explicitly rejected the contention that a municipal court lacked jurisdiction to determine the issue of paternity in a prosecution under section 270 of the Penal Code. The power conferred on municipal and justice courts by the Legislature includes "power to hear and determine every issue of fact involved in a prosecution for failure to provide for a minor child irrespective of the jurisdiction of the superior court to determine the issue of paternity of an illegitimate child in a civil case. (Civ. Code, §§ 196a and 231.)" *In re Clarke, supra,* 149 Cal.App.2d 802, 808.

Appellant cites *People* v. *Edland,* 34 Cal.App.2d 104 [93 P.2d 180], as a case in which a conviction of a defendant under section 270 before a *superior* court was affirmed, and appellant argues that ". . . if the Municipal Court or the Justice Court had jurisdiction [in the present case] . . . it is

doubtful that the Superior Court had jurisdiction in the Edland case.''

Appellant's reliance on *People* v. *Edland, supra,* is completely misplaced. Edland was decided in 1939, more than 12 years before the first municipal court was established in San Bernardino County and 10 years before the amendment of section 1425 of the Penal Code expressly conferred jurisdiction in such cases on the justice court.

This disposition of appellant's basic contention renders it unnecessary to discuss the other grounds advanced by respondents as adequate to sustain the order denying the writ.

The order denying the writ is affirmed.

Fox, P. J., and Ashburn, J., concurred.