[Crim. No. 1503. First Appellate District, Division Two.—November 16, 1928.]

In the Matter of ALBERT BRYANT on Habeas Corpus.

James Snell for Petitioner.

A. M. Runnells, District Attorney, for Respondent.

PRESTON (H. L.), J., *pro tem.*—Albert Bryant, the petitioner, is now in the custody of the sheriff of San Benito County, and seeks his release on *habeas corpus.*

The facts revealed by the record are briefly these: Petitioner is the father of two minor children. He abandoned his wife and these children in San Benito County in 1922. His wife obtained a divorce in San Benito County in 1924, and the custody of the children was awarded to her, and

she and the children since 1924 have continuously resided, and now reside, in Hollister, San Benito County. Petitioner has been absent from San Benito County since 1922 and his whereabouts unknown to his wife and children, and he has not since 1922 contributed anything whatever towards the support of said children, nor has he visited or attempted to visit or communicate with them since 1924. In July, 1928, petitioner was located, arrested, brought back to San Benito County, and charged with a violation of section 270 of the Penal Code. The charging part of the complaint which was filed in Hollister township, San Benito County, is as follows: "That said Albert Bryant on or about the 19th day of July, 1928, at and in said County of San Benito, State of California, who was then and there the father of two minor children, to-wit, Alberta Bryant and Edna Bryant, did wilfully and unlawfully and without lawful excuse, omit to furnish said minor children with necessary food, clothing, shelter, medical attendance and other remedial care."

A preliminary examination was had before the justice of the peace of said township, and the petitioner was held to answer to the superior court for failing to support his minor children and, in default of bail, was committed to the custody of the sheriff. Thereafter, and on the thirtieth day of July, 1928, the district attorney of San Benito County filed an information against him, charging him with the same offense. The case has not been tried in the superior court. On August 8, 1928, the petition for a writ of *habeas corpus* was filed in this court.

The first contention made on behalf of petitioner is that the evidence produced at the preliminary examination fails to show that any public offense has been committed. This contention is grounded entirely upon the fact that there was no direct testimony introduced at the preliminary examination that petitioner's failure to support his children was "wilful and without lawful excuse." The statute itself, however (sec. 270, Pen. Code), makes this proof unnecessary. Mrs. Bryant testified that petitioner abandoned her and the children in 1922, and since that time has contributed nothing to the support of the children. This proof meets all the requirements of the statute.

The statute itself (sec. 270) makes proof of abandonment or desertion of a child by the father, or proof of the father's omission to furnish his child with necessary food, clothing, shelter or medical attendance, or other remedial care, *prima facie* evidence that such abandonment, desertion or omission was "wilful and without lawful excuse." The petitioner offered no evidence to overcome the *prima facie* showing made by the prosecution; therefore, the justice of the peace was warranted in holding petitioner to answer to the superior court.

Petitioner contends that section 270, in so far as it attempts to make proof of abandonment, desertion, or omission, etc., *prima facie* proof that such omission or abandonment was wilful and without lawful excuse, is in violation of that part of section 13, article I, of the constitution, which states that "no person shall be compelled in any criminal case to be a witness against himself, or be deprived of life, liberty or property without due process of law." We cannot agree with this contention. Section 270 merely fixes the *quantum* of evidence which, until overcome, establishes beyond a reasonable doubt the guilt of a defendant charged with a violation of that section; it does not compel a defendant to be a witness against himself.

The same principle is involved in section 1105 of the Penal Code. Under that section, when the people have proved the killing, and no evidence has been given tending to prove justification, they have performed the task imposed upon them, and have proved *prima facie* the guilt of the defendant beyond a reasonable doubt.

By reason of the statutory rule of evidence laid down in section 1105 the *prima facie* case of the prosecution can be overcome only by proof of justification, excuse or circumstances of mitigation. (*People* v. *Rodrigo,* 69 Cal. 601 [11 Pac. 481]; *People* v. *Mize,* 80 Cal. 41 [22 Pac. 80].) Likewise, by reason of the statutory rule of evidence laid down in section 270, the *prima facie* case of the prosecution can be overcome only by proof that the omission on the part of petitioner to furnish his children necessary food, clothing, etc., *was not wilful and was excusable.*

It is also contended that the evidence fails to show that any offense was committed in the county of San Benito. There is no merit in this contention. The venue of the of-

fense denounced by section 270 of the Penal Code is properly laid and proved in the county where the children were supported or maintained. Here the children were in the custody of their mother and maintained by her in San Benito County. The mother's place of residence determines the question as to jurisdiction. (20 Cal. Jur. 425, and cases there cited.)

Other contentions made on behalf of petitioner are without merit and require no discussion.

The writ is discharged and the petitioner remanded to the custody of the sheriff of San Benito County.

Koford, P. J., and Nourse, J., concurred.