[Crim. No. 1743. Third Appellate District.—December 19, 1940.]

THE PEOPLE, Respondent, v. ALVIN C. NELSON, Appellant.

J. N. DeMeo for Appellant.

Earl Warren, Attorney-General, for Respondent.

THE COURT.—Appellant was tried before the court (a jury having been waived) and found guilty of failure to provide for his four minor children. (Sec. 270, Pen. Code.) This is an appeal from the judgment of conviction and the order denying a new trial, upon the following grounds:

First: The insufficiency of the evidence to prove that the failure of the defendant to provide for his minor children was wilful and without lawful excuse.

Second: The court erred in refusing to admit evidence tending to show the motives of the complaining witness.

Third: A fatal variance between the Information and the alleged proof, and

Fourth: That section 270 of the Penal Code is unconstitutional.

█ The contention that this section is unconstitutional was raised and answered in *In re Bryant*, 94 Cal. App. 791 [271 Pac. 926], adversely to appellant. The court there said:

"Section 270 merely fixes the *quantum* of evidence which, until overcome, establishes beyond a reasonable doubt the guilt of a defendant charged with a violation of that section; it does not compel a defendant to be a witness against himself."

█ As to the alleged insufficiency of the evidence to establish the wilfullness of appellant in his neglect of his children, the record reveals that the defendant and his wife have four children aged 8, 5, 3 and 1. In November, 1939, defendant worked for a roofing contractor and received $22.54 for about five days' work. Of this amount he gave his wife $5 for groceries, retaining the balance for himself. From January to April defendant worked on a ranch. He received two meals at the ranch and slept at the home of a brother. For this period of employment he received $43, giving nothing for the support of his children; although he brought home some eggs and a turkey, which had been given to defendant by his brother. While on an S. R. A. project he received $26, out of which he paid $7.50 on account of rent of the house occupied by his wife and children, and gave her $2 for groceries. For another period of S. R. A. employment he received $30, giving his family about $5; and again out of another S. R. A. check of $30 the family received $2, and at the time of his arrest he gave his wife another $5, he having been paid $42 by S. R. A. shortly prior to his arrest.

Summarizing this financial report, it appears that from November 1, 1939, to June, 1940, defendant has admittedly received approximately $190, and contributed to his family about $26 in cash, and helped in no other way except for the eggs and turkey which his brother had given him, and which he brought home to the wife and children.

The evidence was conflicting on many points, a fact upon which the trial judge commented in pronouncing sentence, but the court, sitting without a jury, has had the opportunity to weigh the evidence and determine the credibility of the

several witnesses and we are satisfied of the correctness of his findings.

It is argued that defendant is a man of less than average intelligence and stability, and consequently his earnings are small, but he is not being punished because he did not earn more, but that out of those earnings he did not contribute a fair share for the necessary food, clothing, shelter and medical care of his children. They were his children, and the primary care for their support and protection was his.

As to the motives of the complaining witness, that was for the trial court to determine in weighing her credibility, but regardless of what her motives may have been, the facts seem clear that for several months defendant had done little to support his four minor children.

The claim of a variance between the allegations in the complaint and the proof is based upon the fact the information charges the non-support occurred on or about the 29th day of May, 1940, and evidence was received covering a period both prior and subsequent thereto. This point is without merit. Section 270 of the Penal Code deals with a continuing offense, and evidence of the acts of the defendant may be admitted which occurred either subsequent or antecedent to the date specified in the complaint.

As pointed out in *People* v. *Wallach*, 62 Cal. App. 385 [217 Pac. 81], ''failure to provide upon one day or another day is not the evil aimed at by the statute. It is the continuing offense, the failure to provide for a substantial length of time, without legal excuse which constitutes this offense.''

The judgment and the order are affirmed.