[Crim. No. 1773.   Third Dist.   Oct. 2, 1941.]

THE PEOPLE, Respondent, v. A. E. NORTON, Appellant.

Chester B. Anderson for Appellant.

Earl Warren, Attorney General, and J. Q. Brown, Deputy Attorney General, for Respondent.

THE COURT.—Appellant was convicted after trial by jury of violation of section 270 of the Penal Code, which provides that a father who wilfully omits without lawful excuse to provide the necessary food, clothing and medical care for his minor child is guilty of a misdemeanor. The appellant was placed on probation for a period of two years on condition that he pay the amount of $15 per month for the support and maintenance of his minor child, Winnie May Norton, with the further condition that he furnish a bond in the amount of $350 as a guarantee for such payments.

This appeal is from the order denying the motion for a new trial and from the judgment of conviction.

The mother of Winnie May Norton and her father, the appellant, were married in 1920 or 1921. There were two children by this marriage, one of whom was Winnie May. Appellant and his wife were divorced in 1932, and at that time Winnie May was four years of age. She lived with her father until July 19, 1940, when she left him and went to her mother's home in the county of Merced. The mother had been remarried and there were two children as a result of this marriage. On July 26, 1940, the mother petitioned for and was appointed guardian of the person and estate of Winnie May. The appellant was present in court at the time of the guardianship proceedings, but did not oppose the mother's petition for guardianship. Between July 26, 1940, and March 22, 1941, at which time the complaint was filed against appellant by the mother, appellant had failed to send any money to the mother for the support of Winnie May. Mr. Sutherland, to whom the mother was remarried, a painter

by trade, earned very little money, and the family was on SRA relief during the winter months, receiving $39 per month. Winnie May was taken care of by receiving support from a portion of this relief money.

The appellant admitted, rather evasively, upon cross-examination that his earnings from carpenter work averaged $50 a month during the period Winnie May had been with her mother. He admitted that in February, 1941, he had earned $100. Except for $15 which appellant sent directly to his minor daughter, which was used to pay transportation fare to appellant's home in Compton, California, on two occasions when Winnie May visited her father, no other moneys were sent to Winnie May or her mother for any purpose by the appellant. In answer to the question as to how he expected his daughter to receive support, the appellant replied by saying, ''Well, she has got a home here to come to if she wants to come to it.'' The mother testified that the only offer for support of the daughter, made by appellant, was received some time after the complaint for failure to support had been signed. The offer of appellant was that he would make monthly payments of $10 and the purchase of a wardrobe for Winnie May. Mrs. Sutherland testified that because of past experience she refused this offer as there was no guarantee she would receive the money.

The appellant contends the verdict is contrary to law and unsupported by the evidence. It is also urged that the court committed error in refusing to permit evidence offered to the effect that the minor daughter had abandoned her father's home; that evidence should have been admitted disclosing the fact that the father was willing to support his daughter if she would return to him; and that it was error to exclude evidence as to the disposition of the minor child upon the divorce of her parents.

We cannot agree with the contentions of appellant. The record discloses sufficient evidence in support of the verdict and we find no errors of law.

Section 270 of the Penal Code provides, in part as follows:

''A father . . . who willfully omits without lawful excuse to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is guilty of a mis-

demeanor and punishable by imprisonment in the county jail not exceeding two years or by a fine not exceeding one thousand dollars, or by both. This statute shall not be construed so as to relieve such father from the criminal liability defined herein for such omission merely because the mother of such child is legally entitled to the custody of such child or because the mother of such child, or any other person, or organization, voluntarily or involuntarily furnishes such necessary food, clothing, shelter or medical attendance or other remedial care for such child, or undertakes to do so.

"Proof of abandonment or desertion of a child by such father, or the omission by such father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is *prima facie* evidence that such abandonment or desertion or omission to furnish necessary food, clothing, shelter or medical attendance or other remedial care is willful and without lawful excuse. . . .

"The provisions of this section are applicable whether the parents of such child are married or divorced, and regardless of any decree made in any divorce action relative to alimony or to the support of the child."

█ This section of the Penal Code provides that the omission of the father to furnish "necessary food, clothing, shelter or medical attendance" for his child is *prima facie* evidence that such omission is willful and without lawful excuse. The section of the code imposes the duty upon the father to furnish these necessities and there is *prima facie* evidence of a violation thereof by a failure to provide in this respect without any proof that the father has actually abandoned or deserted his child. The validity of section 270 of the Penal Code has been upheld in *In re Bryant,* 94 Cal. App. 791 [271 Pac. 926], and in *People* v. *Nelson,* 42 Cal. App. (2d) 83 [108 Pac. (2d) 51].

In the Nelson case, *supra,* at page 86, the following language appears:

"It is argued that defendant is a man of less than average intelligence and stability, and consequently his earnings are small, but he is not being punished because he did not earn more, but that out of those earnings he did not contribute a fair share for the necessary food, clothing, shelter and medical care of his children. They were his children, and the primary care for their support and protection was his."

In the present action the appellant by his own admission earned and received at least $50 per month during the period that his minor daughter was with her mother. The appellant cannot claim "lawful excuse" because of inability to pay.

Whatever circumstances the legislature may have intended to constitute "lawful excuse" as a defense to a prosecution for violation of section 270 of the Penal Code, we are unable to accept the arguments of appellant as excuse for his failure to furnish the necessities for his child. The language of section 270 of the Penal Code certainly does not contemplate as "lawful excuse" such justification as contended for by appellant. It is quite evident that appellant has been wholly indifferent as to the support of his daughter.

There was a violation of the provisions of section 270 of the Penal Code prior to the filing of the criminal complaint, and appellant's offer to send $10 per month and furnish a wardrobe cannot now be deemed a defense to the action.

The judgment and the order are affirmed.