[Crim. No. 5882.   Second Dist., Div. Two.   Apr. 5, 1957.]

In re DONALD L. CLARKE, on Habeas Corpus.

Irmas, Rutter & Halper and William A. Rutter for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Lewis Watnick, Deputy District Attorneys, and Walter C. Foster, Deputy City Attorney (Los Angeles), for Respondent.

RICHARDS, J. pro tem.*—Petitioner was charged and convicted in the municipal court of a violation of section 270 of the Penal Code in failing to furnish, as the father of an unborn illegitimate child, the "necessary food, clothing, shelter or medical attendance or other remedial care" for said child. The conviction was affirmed by the Appellate Department of the Superior Court of Los Angeles County although the judgment imposed was reversed with instructions to rearraign the defendant for judgment (*People* v. *Clarke,* 146 Cal.App.2d Supp. 904 [304 P.2d 271]). Thereafter the petitioner was rearraigned in the municipal court, at which time he and the mother of the child for whose nonsupport he had been convicted were husband and wife. The court granted probation, one of the conditions of which was that petitioner spend 240 days in the county jail. A subsequent motion for modification of probation having been denied, petitioner now seeks his discharge by habeas corpus. Petitioner attacks the constitutionality of section 270 of the Penal Code as applied to the facts in this case, contending that it is so vague and indefinite as to be violative of the constitutional requirement of due process. That section, omitting nongermane provisions, reads: "A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary food, clothing, shelter or medical attendance or

---

*Assigned by Chairman of Judicial Council.

other remedial care for his child is guilty of a misdemeanor and punishable by imprisonment in the county jail not exceeding two years or by a fine not exceeding one thousand dollars, or by both. . . . This statute shall not be construed so as to relieve such father from the criminal liability defined herein for such omission merely because the mother of such child is legally entitled to the custody of such child nor because the mother of such child, or any other person, or organization, voluntarily or involuntarily furnishes such necessary food, clothing, shelter or medical attendance or other remedial care for such child, or undertakes to do so.

"Proof of abandonment or desertion of a child by such father, or the omission by such father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is prima facie evidence that such abandonment or desertion or omission to furnish necessary food, clothing, shelter or medical attendance or other remedial care is wilful and without lawful excuse.

". . . A child conceived but not yet born is to be deemed an existing person in so far as this section is concerned."

The duty of a father to furnish the necessary food, clothing, shelter or medical attendance for his minor child has long been the law and it does not appear to have been attacked for uncertainty as applied to children who have been born. The extension of the statute to an unborn child was by amendment in 1925, adding the last sentence of the statute as above quoted, and the statute as amended and as applied to an unborn child was held not void for uncertainty in *People* v. *Yates,* 114 Cal. App. Supp. 782 [298 P. 961], by the Appellate Department of the Superior Court of Los Angeles County. (See *Kyne* v. *Kyne,* 38 Cal.App.2d 122, 127 [100 P.2d 806].)

It is contended that the act fails to delineate with adequate certainty the scope of a father's duty to an unborn child in that it does not describe the necessaries for an unborn child nor how they may be furnished to it. ▮ The manifest reason and purpose of this humane legislation is to place upon the father of a minor child, born or unborn, legitimate or illegitimate, the responsibility of providing the basic needs for the preservation of the life of the child; food, clothing, shelter, and medical care. ▮ When the legislative intent has been ascertained, it must be enforced as intended notwithstanding that the derived meaning may be inconsistent with the strict letter of the statute as enacted (*People* v. *Villegas,* 110 Cal.App.2d 354, 358 [242 P.2d 657]). ▮ A statute

cannot be held void for uncertainty if any reasonable or practical construction can be given to its language (*Pacific Coast Dairy* v. *Police Court*, 214 Cal. 668, 676 [8 P.2d 140, 80 A.L.R. 1217]; *County of Tulare* v. *City of Dinuba*, 188 Cal. 664, 677 [206 P. 983]). ''The complexities of the social problems dealt with by the Legislature require that a practical construction be given to the language employed by the draftsmen of legislation lest their purposes be too easily nullified by overrefined inquiries into the meanings of words'' (*People* v. *Deibert*, 117 Cal.App.2d 410, 418 [256 P.2d 355]). ▊ One old enough to father a child may be presumed to know that the way by which the human embryo and fetus is nurtured during gestation is through the intermediary of the mother and that to sustain the life of an unborn child, the mother herself must be sustained with food, clothing and shelter. ▊ As to unborn children, the statute contemplates indirect necessities, or those which are to be furnished through the mother (*People* v. *Yates, supra,* p. 786). Merely because this biological fact may place a heavier burden on the father of an unborn child furnishes no ground for declaring the statute uncertain. ▊ As to the method or means of furnishing the unborn child's necessaries, the statute does not require that they be furnished ''to'' the child, but ''for'' the child. Detailed plans and specifications of the means whereby the father shall furnish the necessaries for a child are not required to be set forth in the statute and he may adopt any appropriate method to accomplish the objective of the statute, which would include financial assistance to the mother, a means contemplated as adequate under a companion statute, Penal Code, section 270b.

Penal statutes are to be ''construed according to the fair import of their terms, with a view to effect its objects and to promote justice'' (Pen. Code, § 4). ▊ While no one may be required at his peril to speculate as to the meaning of a penal statute (*People* v. *McCaughan,* *(Cal.App.) 306 P.2d 61), yet ''[w]here a statute contains a reasonably adequate disclosure of the legislative intent regarding an evil to be combatted in language giving fair notice of the practices to be avoided, a court will be slow to say that such a statute is too indefinite to be enforced'' (*People* v. *Deibert, supra,* p. 418). ▊ Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be

---

*A hearing was granted by the Supreme Court on March 20, 1957.

given to the legislative intent when possible (*People* v. *Hallner,* 43 Cal.2d 715, 720 [277 P.2d 393] ; *People* v. *Kennedy,* 21 Cal.App.2d 185, 193 [69 P.2d 224] ) ; █ moreover, a statute must be upheld unless its nullity clearly, positively and unmistakably appears (*People* v. *Darby,* 114 Cal.App.2d 412, 428 [250 P.2d 743] ). █ In determining whether a penal statute is sufficiently explicit to inform those who are subject to it what is required of them, the court must endeavor, if possible, to view the statute from the standpoint of a reasonable man who might be subject to its terms (*Pacific Coast Dairy* v. *Police Court, supra,* p. 676) ; and the requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding (*Smith* v. *Peterson,* 131 Cal.App.2d 241, 246 [280 P.2d 522, 49 A.L.R.2d 1194] ). █ In light of these principles of statutory construction we are unable to say that a reasonable man would not know what is required of him to furnish necessary food, clothing, shelter, medical attendance or other remedial care for an unborn child. The petitioner's contention of uncertainty is untenable.

█ Petitioner next attacks the statutory presumption of wilfulness and inexcusability created by the omission of the father to furnish necessities for his child. Wilfulness, he argues, implies not only a purpose to commit an act but also that the act was committed with knowledge of the underlying facts, and that to presume from the omission to provide necessaries for a child that the accused wilfully failed to provide for his child, is unreasonable, arbitrary and unconstitutional. That his knowledge of his paternity of a child before birth is more difficult of ascertainment than after birth is a matter of degree. "[T]he law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death" (*Nash* v. *United States,* 229 U.S. 373, 377 [33 S.Ct. 780, 57 L.Ed. 1232] ). The presumption does not set forth a rule relating to the burden of proof, but merely declares a rule of procedure that places upon the defendant a duty of going forward with evidence that his omission to provide was not wilful or was excusable (*In re Bryant,* 94 Cal.App. 791, 794 [271 P. 926] ). █ A conviction under this section cannot be sustained in the absence of proof, not only of the accused's

paternity of the child (*People* v. *Kovacevich,* 19 Cal.App.2d 335, 338 [65 P.2d 870]) but, also, that he had knowledge or notice of the existence of the unborn child and that some claim or assertion of his paternity of the child has been made to him (*People* v. *Freitas,* 34 Cal.App.2d 684, 687 [94 P.2d 397]).

Petitioner challenges the jurisdiction of the municipal court to determine the issue of paternity in a prosecution under Penal Code, section 270, which section explicitly provides that the offense is a misdemeanor. Municipal courts are vested with exclusive jurisdiction over misdemeanors, except juvenile cases (Pen. Code, § 1462), and this includes power to hear and determine every issue of fact involved in a prosecution for failure to provide for a minor child irrespective of the jurisdiction of the superior court to determine the issue of the paternity of an illegitimate child in a civil case (Civ. Code, §§ 196a and 231). This contention is not meritorious and other matters urged by petitioner are not reviewable in this proceeding.

The writ is discharged and the petitioner is ordered remanded to the custody of the sheriff of Los Angeles County.

Fox, Acting P. J., and Ashburn, J., concurred.