BISHOP, J.
The trial court, sitting without a jury, found the defendant guilty of having failed to provide for his two minor children, Kennard and Mark; denied the defendant’s motion for a new trial and his motion in arrest of judgment; suspended proceedings without the imposition of sentence; and placed him on probation. The defendant has appealed both from the order denying his motion for a new trial and from the order granting him probation. As no appeal is authorized from an order denying a new trial in such a case as this (Pen. Code, § 1466) we are dismissing the appeal as to that order. We have the order under review and in mind, however, as we consider, and affirm, the order granting probation.
As to some things there is no dispute. The two boys, Kennard and Mark, one aged 2, the other under a year, are the children of an unwed mother. The defendant has furnished a modicum of life’s necessities for Kennard, but none for Mark. The defendant admits that Kennard is his son, but denies that the event ever took place that would make Mark his child.
Three ideas are woven like colored threads through defendant’s arguments. The first is that the trial court should not have credited the testimony of the boys’ mother showing that the defendant, and he only, could be the boys’ father, but should have believed his testimony that he had not known Mark’s mother since a time before Kennard’s birth. This line of argument on appeal—that the trier of facts should have *Supp. 860 reached a different conclusion on the contradictory testimony -—is, unfortunately, not rare, even though it has been held futile in a host of cases (see list of cases under West Cal. Dig., Criminal Law, Key No. 1159).
Defendant’s contention that he should have been acquitted because the evidence, properly weighed, did not establish his guilt as to Mark, therefore, fails to move us to reverse the order granting probation, both because there was ample evidence that Mark was his child and because, if it were -insufficient,, there still remained the accusation, to which he at the beginning entered a plea of ‘.‘guilty,” and which was established beyond a doubt, that he had failed to support Kennard. If the premise of the contention were tenable, a modification of the probation order, not its reversal, would be the most that the defendant could expect. As the premise is untenable, even that relief is not warranted.
The second idea that threads its way through defendant’s arguments is that he did not know whether or not he was Mark’s father, and until it was judicially determined that he was, he was under no obligations to furnish support. He states: “To hold that a defendant can only deny paternity at his peril and at the risk of criminal prosecution smacks of judicial extortion.” Perhaps the law should provide that the duty to care for one’s child does not arise until an action in the nature of one for declaratory relief had been prosecuted to judgment, but no statute so provides (see People v. Stanley (1917) 33 Cal.App. 624, 626-627 [116 P. 596]; People v. Hamil (1925) 73 Cal.App. 649, 652 [238 P. 1075]), and no principle of law known to us so declares. Instead, we read in In re Clarke (1957) 149 Cal.App.2d 802, 807 [309 P.2d 142, 146], these words quoted from Nash v. United States (1912) 229 U.S. 373, 377 [33 S.Ct. 780, 57 L.Ed. 1232, 1235] : “ ‘[T]he law is full of instances where a man’s fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death’ (Nash v. United States, 229 U.S. 373, 377 [33 S.Ct. 780, 57 L.Ed. 1232]).” Under the facts as they were told by the mother, in this case, the defendant must have known that Mark was possibly, even probably, his child. He was not free to fail to furnish aid until he was sure about it. Furthermore, the trial judge doubtless remembered the response made by the defendant when he was advised by the mother of Kennqrc] that another child was qn its *Supp. 861 way, and that it was the defendant’s child. The response was not: “Why you know that it cannot be, for since Kennard’s birth I have not been near you.” The reply, instead, as the defendant testified, was: “Is it?” No person was named or otherwise identified as the possible father of Mark. The trial court might well have questioned the good faith of defendant’s denial or even of his doubt, that he was Mark’s father.
Another contention of the defendant is that the trial court, although not requested to do so, should have ordered -a blood test. Under the facts, as it was warranted in viewing them, the trial court had no reason to order such a test, nor did the statute require it. The deliberate use of the words “may” and “shall” in section 1980.3, Code of Civil Procedure, makes it clear that no mandatory duty is imposed on the trial judge to take the initiative, even in civil cases, to which the section applies. See also People v. Bynon (1956) 146 Cal.App.2d 7,13-14 [303 P.2d 75, 79-80].
The third idea running through defendant’s contentions has to do with the presumption raised by section 270, Penal Code. That section, beginning with the words: “A father of . . . a . . . minor child who wilfully omits without lawful excuse to furnish necessary clothing, food, ... or other remedial care for his child is guilty of a misdemeanor” then continues: “Proof of . . . the omission by such father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is prima facie evidence that such . . . omission ... is wilful and without lawful excuse.” This presumption is repeated in almost identical words in section 270e of the Penal Code.
A quotation from but one portion of defendant’s brief on appeal will disclose this third idea to which we have referred: “The presumptions raised by Section[s] 270 and 270E [sic] of the Penal Code are such that an act of an innocent person raises the presumption that he is guilty of the crime charged, to wit, the fact that a person fails to provide necessaries in and of itself an innocent act, raises the presumption of him being guilty.”
The presumption does not suffice to prove an innocent person guilty of the offense created by the section. Section 270 is limited by its plain language to a case where a father of a minor child fails to provide for his child, and the context of the presumption as stated in section 270e requires the same interpretation. A man’s neglect of a child raises no presumption that he is guilty in violating the section. Proof, beyond *Supp. 862 a reasonable doubt, that the neglected child is his, is required to make out a case, and is a prerequisite to, and is not raised by, the presumption. The relationship of father and child once established, and that provision for its needs has not been given, then the presumption shifts to the father the burden of creating a reasonable doubt as to the answers to be given the questions: “Was the omission wilful? Was there lawful excuse for it?” The presumption has judicial approval. People v. Martin (1929) 100 Cal.App. 435, 436 [280 P. 151]; In re Bryant (1928) 94 Cal.App. 791, 794 [271 P. 926]; People v. Nelson (1940) 42 Cal.App.2d 83, 85 [108 P.2d 51]; People v. Norton (1941) 47 Cal.App.2d 139, 142 [117 P.2d 402]; People v. Vogel (1952) 110 Cal.App.2d 503, 505 [242 P.2d 969, 970]; and see People v. Cloward (1961) 196 Cal.App.2d 669, 672 [16 Cal.Rptr. 772, 775],
No reason appearing to warrant a reversal of the order granting probation, it is affirmed. The appeal from the order denying a new trial is dismissed.
Huls, Acting P. J., and Smith, J., concurred.