[Crim. No. 7073.   In Bank.   Nov. 20, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. STERLING M. STEVENSON, Defendant and Appellant.

Alfred A. Affinito for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, John S. McInerny and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

GIBSON, C. J.—Defendant was found guilty of receiving stolen property from a 15-year-old boy, Charles Lawson, and he has appealed, claiming that the trial court erred in instructing the jury.

On the evening of April 10, 1960, defendant, accompanied by Lawson, drove to a motion-picture theater, where they sat in different sections. About 9:30 Lawson left the theater, removed two hubcaps from an automobile parked across the street, and put them in defendant's car. Lawson returned to the theater, and 10 minutes later defendant gave him a ride home. The next night, while defendant was driving his automobile, he was stopped by an officer because his rear license plate had no light on it. The officer asked defendant's permission to open the trunk to see if a wire was disconnected, defendant gave his consent, and the officer found the stolen hubcaps inside.

Police officers who testified for the prosecution attributed to defendant statements from which it could be inferred that he had permitted Lawson to leave the hubcaps in his car, knowing that they were stolen. The testimony of Lawson and defendant, however, was to the effect that Lawson, without defendant's knowledge, had placed the hubcaps in the trunk of the car at the theater; that on the way home Lawson asked defendant to keep some hubcaps for him; that defendant replied he wanted "no part of no hubcaps" and asked Lawson

making any statement to them indicating that he knew the were not. Defendant testified further that he told the police he did not know the hubcaps were in his car, and he denied if the hubcaps were in his car; and that Lawson told him the hubcaps were stolen.

At the People's request, the trial court gave the following instruction to the jury, which set forth almost verbatim the last paragraph of section 496 of the Penal Code: "Any person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft from any person under the age of 18 years, shall be presumed to have bought or received such property knowing it to have been so stolen and obtained unless such property was sold by such minor at a fixed place of business carried on by the minor or his employer. This presumption may, however, be rebutted and overcome by proof."

The instruction is challenged on the ground that the presumption of guilty knowledge is unconstitutional. ▬ In this connection it should be kept in mind that a rebuttable presumption is evidence and is sufficient to warrant a judgment even where a showing to the contrary has been made. (*Scott* v. *Burke,* 39 Cal.2d 388, 394-395 [247 P.2d 313]; *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540, 549 [299 P. 529].)

The presumption in question was relied on to some extent in two District Court of Appeal cases holding that there was sufficient evidence for conviction, but its constitutionality was not discussed, and the decisions rested largely on a showing of guilty knowledge independent of the presumption. (*People* v. *Arrant,* 184 Cal.App.2d 532, 533 [7 Cal.Rptr. 422]; *People* v. *Lopez,* 126 Cal.App.2d 274, 276-277 [271 P.2d 874].) Similarly, the court in *People* v. *Seerman,* 43 Cal.App.2d 506, 510 [111 P.2d 457], without any discussion of constitutionality, upheld a conviction on the basis, in part, of a statutory provision which was the predecessor of the one involved here.[1] The only decision of another jurisdiction which has been found involving such a presumption also failed

---

[1]The provision as it now reads was first placed in section 496 in 1951. (Stats. 1951, ch. 97, p. 354.) From 1907 to 1951, the provision on the subject was the one involved in *People* v. *Seerman, supra,* 43 Cal.App.2d 506: ". . . it shall be presumptive evidence that such property [any personal property] was stolen, if the same was purchased or received from a person under the age of eighteen years, unless such property was sold by such minor at a fixed place of business carried on by such minor or his employer." (Stats. 1907, ch. 238, p. 301.) Prior to 1907 a provi-

to consider the question of constitutionality. (*State* v. *Sim,* 92 Mont. 541 [16 P.2d 411, 412].)

█ The rule is settled that a presumption of one fact from evidence of another is violative of due process if there is no rational connection between the fact proved and the fact presumed. (See e.g., *Tot* v. *United States,* 319 U.S. 463, 467 [63 S.Ct. 1241, 87 L.Ed. 1519]; *Bailey* v. *Alabama,* 219 U.S. 219, 238, 239 [31 S.Ct. 145, 55 L.Ed. 191]; *People* v. *Wells,* 33 Cal.2d 330, 346 [202 P.2d 53]; *People* v. *Scott,* 24 Cal.2d 774, 779 [151 P.2d 517].) █ Courts have sometimes explained the rational connection requirement as meaning that, according to the teachings of experience, the proved fact must at least be a "warning signal" of the presumed fact and have a "sinister significance." (E.g., *People* v. *Scott, supra,* 24 Cal.2d 774, 780.)

The statute involved here appears to rest on the theory that the mere fact that a person from whom stolen property is acquired is under the age of 18 constitutes in itself a suspicious circumstance and is sufficient to warrant the presumption of guilty knowledge. The provision relates not only to property unusual for a minor to possess but to "any property," even such things as a baseball or a bicycle. The presumption is equally applicable where the minor is himself the thief or where he obtained the property honestly and conducts himself with respect to it in a manner not arousing suspicion. It applies both to one who "buys" property and to one who "receives" it, including a person who borrows property or accepts possession as a temporary accommodation to the minor without any personal benefit. The provision is concerned not alone with adults who deal with minors but with "any person" who does so, including other minors. Nor is the operation of the presumption limited to situations where acquisition of the property occurs soon after the theft or where there is some incriminating conduct by the accused in addition to acquisition, such as his silence or false explanation upon questioning by the police.

When the objections discussed above are taken into consideration, the statutory provision in question can obviously be applied in many situations where there is no rational basis for the presumption of guilty knowledge. It has a scope

---

sion for a presumption existed which was similar in form to the one just quoted but which was much more limited in scope, since it related only to certain types of property, "jewelry, silver, or plated ware, or articles of personal ornament." (Code Amdts. 1873-1874, ch. 151, p. 464.)

significantly beyond that of the rule that an inference of guilt is permissible where recently stolen property is found in the conscious possession of a defendant who gives a false explanation regarding his possession or remains silent under circumstances indicating a consciousness of guilt. (See *People* v. *McFarland, ante,* p. 748 [26 Cal.Rptr. 473, 376 P.2d 449].)

The unconstitutionality of legislation must be clear before it can be declared invalid, and if the statutory language reasonably permits, courts will limit the operation of a statute by construction or severance of the language to avoid unconstitutionality. Where, however, unconstitutionality cannot reasonably be avoided in this way, a statute cannot be upheld merely because a particular factual situation to which it is applicable may not involve the objections giving rise to its invalidity. (*County of Los Angeles* v. *Jessup,* 11 Cal.2d 273, 278-280 [78 P.2d 1131]; *City of Los Angeles* v. *Lewis,* 175 Cal. 777, 783-784 [167 P. 390].) If the rule were otherwise, the determination of constitutionality would be a piecemeal and unpredictable process.

In order to eliminate the various objections to the statute under consideration, a wholesale rewriting of the provision would be required, a task obviously improper for a court to undertake. We would be called upon to determine, for example, how the broad phrase "any property" might be limited so as to be more conducive to a rational connection between acquisition of the property and guilty knowledge. Possibly, the words "or receives" could be severed from the statute so as to confine its application to a person who "buys" property, but, even if it be assumed that such an application would be constitutional notwithstanding the other objections, the provision would not be applicable here because there is no evidence that defendant bought the property.

Section 496 of the Penal Code is unconstitutional insofar as it provides for a presumption of guilty knowledge on the part of one who "receives" stolen property from a minor under the age of 18, and the instruction based on that presumption was erroneous. The evidence bearing on guilty knowledge was sharply conflicting, and the error was prejudicial.

The judgment is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J.,* and Dooling, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.