[Crim. No. 4309. First Dist., Div. Two. Oct. 16, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HARRY AVINGTON, Defendant and Appellant.

Wilmont Sweeney and Metoyer, Sweeney & Broussard, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Royce H. Schulz, Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant Harry Avington was convicted after trial by jury of violation of Penal Code, section 270. Defendant appeals from the judgment of conviction and from the order denying his motion for new trial. The latter order is no longer appealable. (Pen. Code, § 1237.)

The record shows that Clara Avington, the wife, was the sole witness for the prosecution; that five children were born of the marriage; that under an interlocutory decree of divorce granted her October 21, 1958, defendant was ordered to pay child support in the amount of $5.00 per child per week; that in 1960 the defendant paid $30 toward the support of his children; that in December 1960 defendant called

her and stated he was going to Alaska to look for work, and that she did not hear from the defendant again or receive any child support payments until July or August of 1962, when the defendant visited his children and gave each of them $1.00.

The defendant testified that he had been unable to find employment in California and, in December 1960, had decided to go to Alaska, but changed his mind and decided to go to Arizona to stay with his married sister. The defendant arrived in Arizona on December 30, 1960, and lived with his sister until May 21, 1961. The defendant testified that he looked for work continually during this period, but was unable to find a job. In February 1961, the defendant applied for California unemployment benefits and, on May 21, 1961, received a check for $400. At this time he owed his sister $380 for room and board, which he settled for $300. The balance he used to go to Seattle.

Upon arriving in Seattle, the defendant lived at the YMCA; his expenses came to $10.40 per week for a room, $3.50 per day for meals, and 90 cents per week for YMCA membership. He remained in Seattle until March 11, 1962, and was successful, during that period, in obtaining several jobs. He first worked one day as a ditch digger, earning $10, but was injured. He then worked for Puget Sound Transportation for two months, earning a total of $400. Since transportation was necessary for this job, the defendant purchased two cars at a total cost of $187.50. When both of the cars broke down, the defendant abandoned this job. He thereafter worked a day and a half as a dishwasher, earning $23; conducted a transportation study for 10 days, earning $120; and worked for a day and a half moving furniture, earning $26. He also received unemployment benefits in the amount of $320.

On March 11, 1962, the defendant went to Tacoma, Washington, to do repair work on an apartment building. He remained in Tacoma until July 5, 1962, earning a total of $200. On July 14, 1962, the defendant was extradited to California.

The defendant admitted that he had paid nothing toward the support of his children since November 1960, but stated that he had only been able to earn enough to support himself.

Appellant first contends that the evidence was insufficient to support the jury's implied finding that his failure to

provide for his children was wilful and without lawful excuse.[1] This contention is without merit. Undoubtedly appellant's earnings were extremely meager at times; however, it cannot be said as a matter of law that he was justified in contributing nothing toward the support of his children.

Penal Code, section 270, provides in relevant part as follows: "Proof of abandonment or desertion of a child by such father, or the omission by such father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is prima facie evidence that such abandonment or desertion or omission to furnish necessary food, clothing, shelter or medical attendance or other remedial care is wilful and without lawful excuse."

Here, the statutory presumption of wilfulness and the absence of a lawful excuse was established by Mrs. Avington's testimony that appellant had paid nothing toward the support of his children during the period in issue. (*In re Bryant* (1928) 94 Cal.App. 791, 793 [271 P. 926]; *People* v. *Yates* (1931) 114 Cal.App.Supp. 782, 788 [298 P. 961.) Appellant's testimony did not overcome this presumption.

In *People* v. *Norton* (1941) 47 Cal.App.2d 139 [117 P.2d 402], evidence that the defendant's earnings had averaged $50 per month during the period in question and that he had contributed nothing toward the support of his child was held sufficient to support a finding that he had acted wilfully and without lawful excuse. In *People* v. *Nelson* (1940) 42 Cal. App.2d 83 [108 P.2d 51], the defendant was able to earn a total of only $190 over a seven-month period. Of this amount, he contributed to his family $26 in cash and a turkey and some eggs which his brother had given him. In upholding the conviction for violation of Penal Code, section 270, the court stated, "It is argued that defendant is a man of less than average intelligence and stability, and consequently his earnings are small, but he is not being punished because he did not earn more, but that out of those earnings he did not contribute a fair share for the necessary food, clothing, shelter and medical care of his children." (P. 86.) These authorities establish that appellant's earnings were large enough to enable him, had he so desired, to contribute something toward the support of his five minor children.

Appellant's final contention is that the trial court erred in instructing the jury that "Proof that failure of the

---

[1] For purposes of convenience, appellant's arguments have been discussed in reverse order.

father to support his minor child was wilful and without lawful excuse is unnecessary.'' Appellant asserts that this instruction told the jury, in effect, that the elements of wilfulness and lack of lawful excuse had been established as a matter of law and that appellant's testimony had been insufficient to overcome the statutory presumption to that effect. Appellant states that he admitted his failure to contribute toward the support of his children and that he based his defense solely on his lack of wilfulness and on the fact that his limited income provided him with a lawful excuse for nonpayment. Under such circumstances, he contends that the giving of the above quoted instruction was reversible error. This argument is untenable.

The instruction complained of was based upon certain language appearing in *In re Bryant, supra*, at page 793. Petitioner there sought a writ of habeas corpus upon the ground, among others, that the evidence produced at the preliminary hearing was insufficient to establish a violation of Penal Code, section 270, because there was no direct testimony that petitioner's failure to support his children was wilful and without lawful excuse. The court, in rejecting this argument, stated, ''The statute itself, however, (sec. 270, Pen. Code), makes this proof unnecessary. Mrs. Bryant testified that petitioner abandoned her and the children in 1922, and since that time has contributed nothing to the support of the children. This proof meets all the requirements of the statute.'' (P. 793.)

In the present case, the instruction complained of clearly constituted an attempt to restate the rule of the *Bryant* case that ''direct testimony'' of wilfulness and lack of lawful excuse is unnecessary because the statutory presumption arising from the failure to provide support is in itself sufficient evidence that the defendant acted wilfully and without lawful excuse. Had the court instructed the jury that ''direct testimony'' rather than ''proof'' of wilfulness and lack of lawful excuse was unnecessary, the instruction would clearly have been a correct statement of the law. The use of the word ''proof'' does render the instruction somewhat ambiguous, since ''proof,'' if given the broadest possible meaning, would extend to all forms of evidence, including the statutory presumption arising from appellant's admitted failure to contribute toward the support of his children. In the instant case, however, the trial court gave other instructions which made it clear that the word ''proof'' was not intended to be con-

strued in such a broad manner. The court instructed the jury at length on the statutory presumption of wilfulness and lack of lawful excuse arising from the failure of the father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his children.

The court also instructed the jury that it was not to single out any single point or instruction but was to consider all the instructions as a whole, and to regard each in the light of all the others. In view of the complete coverage of the instructions as respects the contentions of the opposing parties, we do not believe appellant was at all prejudiced by the instruction complained of.

We might add that appellant's failure to object to the instruction in question and to request a more specific or complete statement of the rule precludes him from raising this point on appeal. (*People* v. *Owens* (1953) 117 Cal.App.2d 121, 126 [255 P.2d 114]; *People* v. *Carothers* (1946) 77 Cal. App.2d 252, 255 [175 P.2d 30].) In the present case, appellant made no such request.

The appeal from the order denying a new trial is dismissed, and the judgment is affirmed.

Agee, J., concurred.