[Crim. No. 2628. Fourth Dist., Div. One. Feb. 7, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER ANDREW JOHNSON, Defendant and Appellant.

706

Jack N. Bradshaw, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lola M. McAlpin, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant appeals from a conviction of the felonious offense of failure to provide for his minor children and remaining out of the State of California for a period in excess of 30 days during such failure, a violation of Penal Code, section 270.

The grounds for appeal are set forth in briefs filed by defendant in propria persona; are many and varied; and, in most part, are ridiculous and frivolous.

Defendant represented himself on the appeal until this court appointed counsel to act on his behalf. In a letter from defendant to counsel the former acknowledged the "valuable service" rendered by the latter in "researching" the case, but stated "I insist to such extent as I may do so that no further briefs be filed in this matter."

Our review of the record compels a reversal upon grounds not considered by either side.

The information charged defendant with failing to provide for his minor children from June 15, 1963 to September 4, 1964, and also charged "defendant continuously between the 16th day of October 1963, and the 27th day of July 1964, has been out of the State of California, a period in excess of thirty (30) days, and during all of said period of time said defendant has failed and neglected to provide for his said minor children." Contrary to defendant's contention the in-

formation properly charged him with the commission of a felony.

Defendant's wife testified he separated from her and his children on June 15, 1963; between that date and July 21, 1964, defendant did not provide for the support and maintenance of his children in any manner whatsoever; and she did not see him between August 29, 1963 and August 26, 1964.

The foregoing establishes defendant committed the misdemeanor offense of wilful failure, without lawful excuse, to provide for the support and maintenance of his minor children. Defendant did not testify.

Among other things, Penal Code, section 270 provides: "Proof of abandonment or desertion of a child by such father, or the omission by such father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is prima facie evidence that such abandonment or desertion or omission to furnish necessary food, clothing, shelter or medical attendance or other remedial care is wilful and without lawful excuse."

Defendant claims the evidence is not sufficient to establish his failure to provide was wilful and without lawful excuse. The foregoing provision, in effect, creates a presumption and supplies this evidence. (*People* v. *Vogel*, 110 Cal.App.2d 503, 505 [242 P.2d 969]; *People* v. *Arnold*, 66 Cal.2d 438, 451, fn. 10 [58 Cal.Rptr. 115, 426 P.2d 515]; *People* v. *Norton*, 47 Cal. App.2d 139, 142 [117 P.2d 402].) Contrary to defendant's contention, the provision in question does not violate any constitutional guarantee. (*In re Clarke*, 149 Cal.App.2d 802, 807 [309 P.2d 142]; *People* v. *Nelson*, 42 Cal.App.2d 83, 85 [108 P.2d 51]; *In re Bryant*, 94 Cal.App. 791, 794 [271 P. 926].)

In light of the foregoing record the court gave the following instruction: "You are instructed that if you should believe from the evidence beyond a reasonable doubt that the defendant did wilfully omit without lawful excuse to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his minor child, then you should find the defendant guilty as charged in the complaint or in the information." The jury rendered a verdict finding the defendant "guilty of the crime of Failure to Provide for Minor Children, as charged in the Information." The information not only charged defendant with failing to provide, but also with remaining out of the State of California for a period of more than 30 days while failing to provide. The instruction directed

the jury to find the defendant guilty of the felonious offense charged in the information in the event they found certain facts to be true beyond a reasonable doubt but omitted the essential fact of absence from the State of California. This was prejudicial error. ■ The propriety of a "formula" or "hypothetical" instruction, such as the one in question, "depends upon whether it includes *all of the legal elements essential to a verdict.* The absence of any material element is prejudicial error, . . ." (2 Witkin, Cal. Procedure (1954) Trial, § 62, p. 1790; *Ebrite* v. *Crawford,* 215 Cal. 724, 729 [12 P.2d 937]; *Douglas* v. *Southern Pac. Co.,* 203 Cal. 390, 393 [264 P. 237]; *Yecny* v. *Eclipse Fuel Engineering Co.,* 210 Cal. App.2d 192, 201 [26 Cal.Rptr. 402].)

In light of a new trial it is proper to consider other errors appearing in the record.

The court instructed the jury, in accord with Penal Code, section 270, if a father fails to provide for his children and remains out of the state for 30 days during such violation he is guilty of a felony. ■ The court also instructed the jury in accord with the 1957 amendment to section 270 which added the provision: "Proof of . . . the omission by such father to furnish necessary food, shelter, clothing or medical attendance or other remedial care for more than thirty (30) days is prima facie evidence that such father was outside the State." This provision, in effect, declares a father who omits to provide for his children for more than 30 days is presumed to be outside the State of California during such omission; violates due process; and is unconstitutional. (Cf. *People* v. *Hewlett,* 108 Cal.App.2d 358, 374 [239 P.2d 150].)

"The rule is settled that a presumption of one fact from evidence of another is violative of due process if there is no rational connection between the fact proved and the fact presumed." (*People* v. *Stevenson,* 58 Cal.2d 794, 797 [26 Cal. Rptr. 297, 376 P.2d 297]; *People* v. *Wells,* 33 Cal.2d 330, 346 [202 P.2d 53].) There is no rational connection between the fact a father omits to provide for his children for more than 30 days, and the fact he is without the state at the time of such omission; or, stated otherwise, there is no rational connection between such an omission and the place where the omission occurred. Among other things, the fact a father failed to provide for 31 instead of 30 days is irrelevant to a determination of his whereabouts during the failure. The instruction on the presumption was error.

■ The court also instructed the jury, in accord with

Penal Code, section 270, if a father fails or refuses to comply with a court order requiring him to make provision for the support of his child and remains out of the state for 10 days without doing so, he is guilty of a felony. In this case there was evidence a court, in a divorce proceeding, ordered defendant to pay $50 per week for the support of his children. However, there was no evidence when that order was made. As a consequence, there was no commencement date for the 10-day period. The instruction was outside the issues and the proof.

 Counsel for defendant and the court should take note of the fact the offense of failure to provide for minor children, a misdemeanor, is a lesser and included offense within the offense of failure to provide for minor children and remaining out of the state for more than 30 days during such violation, a felony. In the instant case, the jury was not instructed it could find the defendant guilty of the lesser included offense. It does not appear such an instruction was requested. If the failure to request the instruction was attributable to the "ineptness of counsel," the court should have given the instruction on its own motion. (*People* v. *Roth,* 228 Cal.App.2d 522, 531 [*39* Cal.Rptr. 582].)

Defendant's former attorney testified to the receipt of information from defendant supporting an inference concerning the latter's whereabouts on October 13, 1963. No objection was made to this testimony. We deem it appropriate to question the admissibility of such testimony, upon proper objection, absent a showing of consent, expressed or implied, to release the information, or of other facts supporting a conclusion it was not confidential. (See Evid. Code, § 952; former Code Civ. Proc., § 1881, subd. 2; Bus. & Prof. Code, § 6068, subd. (e) : gen. see *Galbraith* v. *State Bar,* 218 Cal. 329, 332-333 [23 P.2d 291].)

 By a document entitled "Supplemental Information" defendant was charged with conviction on July 23, 1964, in the State of Colorado, of the offense of forgery, a felony. He admitted the charge but on appeal claimed error in the proceeding. Although the document was entitled a supplemental rather than an amended information, the error, contrary to defendant's contention, is of no consequence. Whether defendant should be permitted to withdraw his admission of the charge is a matter he may present to the trial court in an appropriate proceeding.

The judgment is reversed and the case is remanded for a

new trial and for such further proceedings as may be appropriate in the premises.

Brown (Gerald), P. J., and Whelan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 4, 1968. Mosk, J., was of the opinion that the petition should be granted.