[No. G001969. Fourth Dist., Div. Three. Dec. 18, 1984.]

In re STEVEN M. WITHERSPOON on Habeas Corpus.

## COUNSEL

Ronald Y. Butler, Public Defender, and Donald Ayoob, Deputy Public Defender, for Petitioner.

Adrian Kuyper, County Counsel, Laurence M. Watson, Assistant County Counsel, and Edward N. Duran, Deputy County Counsel, for Respondent.

## OPINION

**TROTTER, P. J.**—██ Petitioner was adjudged in contempt after testifying as a witness against himself over his Fifth Amendment objection. In a dissolution action, petitioner's wife cited him for contempt, alleging wilful failure to pay court-ordered child support. At the hearing, petitioner was represented by court-appointed counsel, a deputy public defender. Wife's counsel attempted to call petitioner as a witness in her case-in-chief. Initially, the trial court sustained petitioner's assertion of a Fifth Amendment privilege not to incriminate himself. Nevertheless, wife's counsel persisted and the court required petitioner be sworn and answer questions on a "limited issue."[1] Petitioner's objection was not restricted to his privilege against self-incrimination but correctly stated his constitutional protection against being a witness against himself.

The Fifth Amendment of the federal Constitution provides: "No person . . . shall be compelled . . . to be a witness against himself . . . ." Article I, section 15, of the California Constitution similarly provides: "Persons may not . . . be compelled in a criminal cause to be a witness against themselves . . . ."

A civil contempt proceeding is criminal in nature because of the penalties that may be imposed. (*Raiden* v. *Superior Court* (1949) 34 Cal.2d 83 [206 P.2d 1081].) Alleged contemners are entitled to most constitutional rights

---

[1]The "limited issue" was petitioner's possession and use of a car, a community property asset.

guaranteed to all criminally accused persons.[2] (*In re Martin* (1977) 71 Cal.App.3d 472 [139 Cal.Rptr. 451].) Thus, an alleged contemner is entitled to the presumption of innocence until proven guilty "beyond a reasonable doubt." (*Bennett* v. *Superior Court* (1946) 73 Cal.App.2d 203 [166 P.2d 318].) Fifth Amendment rights are similarly guaranteed.

An alleged contemner has an absolute right to refuse to appear as a witness in the proceedings. (*Ex parte Gould* (1893) 99 Cal. 360 [33 P. 1112].) Gould was found in contempt after refusing to be sworn as a witness against himself in a contempt hearing alleging violation of a court-ordered injunction. Because Gould refused to be sworn, he was asked no questions and no separate self-incrimination objection was made to any specific area of inquiry. The court vindicated his privilege against being sworn and granted Gould habeas corpus relief from the resultant contempt. (Accord *Killpatrick* v. *Superior Court* (1957) 153 Cal.App.2d 146 [314 P.2d 164].)

*Gould* illustrates the distinction between a witness asserting the right against self-incrimination and an accused's right not to be a witness. While a witness is privileged from answering any question which may be incriminating, the accused's right is greater—an accused can refuse to be sworn and need not wait to determine whether the question calls for incriminating testimony. (*People* v. *Whelchel* (1967) 255 Cal.App.2d 455 [63 Cal.Rptr. 258]; *In re Lemon* (1936) 15 Cal.App.2d 82 [59 P.2d 213].)

The record contradicts any conclusion petitioner waived his right to refuse to be sworn. Neither does the allegation the arrearages have been paid render the issue moot. Let a writ of habeas corpus issue annulling the judgment of contempt.

Sonenshine, J., and Crosby, J., concurred.

---

[2]We recognize civil contemners are not entitled to a jury trial. (*Hawk* v. *Superior Court* (1974) 42 Cal.App.3d 108 [116 Cal.Rptr. 713].)