CALIFORNIA *v.* BROWN

No. A–699.   Decided March 27, 1986

JUSTICE REHNQUIST, Circuit Justice.

Applicant, the State of California, asks that I stay pending disposition of its petition for certiorari the enforcement of the judgment of the California Supreme Court, which invalidated the death sentence imposed on respondent Brown in 1980 for the first-degree murder of a 15-year-old girl.   See 40 Cal. 3d 512, 709 P. 2d 440 (1986).   The California Supreme Court invalidated Brown's death sentence because it believed that a jury instruction given during the sentencing phase of Brown's trial, which told the jury that it "must not be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling," violated the Eighth

1301

Amendment to the United States Constitution. The court felt that this instruction was incompatible with our decisions in *Lockett* v. *Ohio*, 438 U. S. 586 (1978), and *Eddings* v. *Oklahoma*, 455 U. S. 104 (1982), which construed the Eighth Amendment to require that the sentencer in a capital case be allowed to consider, "as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Id.*, at 110, quoting *Lockett, supra,* at 604.

I think it is likely that four Members of this Court would vote to grant certiorari to review the California Supreme Court's holding that the jury instruction at issue in this case violated Brown's Eighth Amendment rights under *Lockett* and *Eddings*, and that the decision below ultimately would be reversed. The California death penalty statute in effect at the time of Brown's trial expressly permitted Brown to introduce evidence, at sentencing, "as to any matter relevant to . . . mitigation . . . including, but not limited to, the nature and circumstances of the present offense, . . . and the defendant's character, background, history, mental condition and physical condition." Cal. Penal Code Ann. § 190.3 (West Supp. 1986). The California statute also provided:

> "In determining the penalty, the trier of fact shall take into account any of the following factors if relevant:
>
> "(a) The circumstances of the crime of which the defendant was convicted in the present proceeding and the existence of any special circumstances found to be true . . . .
>
> "(b) The presence or absence of criminal activity by the defendant which involved the use or attempted use of force or violence or the express or implied threat to use force or violence.
>
> "(c) The presence or absence of any prior felony conviction.

"(d) Whether or not the offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.

"(e) Whether or not the victim was a participant in the defendant's homicidal conduct or consented to the homicidal act.

"(f) Whether or not the offense was committed under circumstances which the defendant reasonably believed to be a moral justification or extenuation for his conduct.

"(g) Whether or not the defendant acted under extreme duress or under the substantial domination of another person.

"(h) Whether or not at the time of the offense the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, or the affects *[sic]* of intoxication.

"(i) The age of the defendant at the time of the crime.

"(j) Whether or not the defendant was an accomplice to the offense and his participation in the commission of the offense was relatively minor.

"(k) Any other circumstance which extenuates the gravity of the crime even though it is not a legal excuse for the crime." *Ibid.*

A portion of the jury instructions given at the sentencing phase of Brown's trial tracked the above statutory language, thus clearly informing the jury of its constitutional duty to consider in mitigation all relevant aspects of the defendant's character and the circumstances of his crime. See California Jury Instructions–Criminal No. 8.84.1 (4th ed. 1979). In my view a strong argument can be made that these statutory provisions, and the instructions which explained them to Brown's sentencing jury, fully complied with the dictates of *Lockett* and *Eddings*.[1]

---

[1] In *California* v. *Ramos*, 463 U. S. 992 (1983), we cited these very same provisions of the California statute and noted:

The jury instruction held by the California Supreme Court in this case to be unconstitutional was in no way inconsistent with the aforementioned statutory provisions. Nor did the instruction tell the jury to ignore any relevant evidence or mitigating circumstances. On the contrary, it simply told the jury not to be swayed by *"mere* sentiment, conjecture," and the like. Such an instruction focuses the jury's attention on the evidence and the reasonable inferences to be drawn therefrom. It is consistent with JUSTICE STEVENS' observation in *Gardner* v. *Florida,* 430 U. S. 349 (1977), that "[i]t is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion." *Id.,* at 358.[2]

Brown argues that the decision below was based on adequate and independent state grounds, and is therefore unreviewable by this Court. It is true that, prior to this Court's 1972 decision in *Furman* v. *Georgia,* 408 U. S. 238 (1972), the California Supreme Court had held that a jury instruction identical to the one at issue in this case violated the State Constitution. See *People* v. *Bandhauer,* 1 Cal. 3d 609, 618–619, 463 P. 2d 408, 416 (1970). After this Court's 1976 decision in *Gregg* v. *Georgia,* 428 U. S. 153, however, the

---

"[R]espondent does not, and indeed could not, contend that the California sentencing scheme violates the directive of *Lockett* v. *Ohio,* 438 U. S. 586 (1978). The California statute in question permits the defendant to present any evidence to show that a penalty less than death is appropriate in his case." *Id.,* at 1005, n. 19.

[2] Moreover, in practical terms, I would expect the instruction at issue to generally *help* capital defendants, by reducing the possibility that sentencing juries will be swayed by sympathy *for the victim,* along with other adverse forms of "passion, prejudice, public opinion or public feeling." See *People* v. *Easley,* 34 Cal. 3d 858, 886, 671 P. 2d 813, 831 (1983) (Mosk, J., dissenting) ("In the current climate of public opinion, sympathy is more likely to be aroused for the victim and his family than for a defendant who has been found guilty of a brutal first degree murder. Thus cautioning a jury in the penalty phase of the trial not to be swayed by mere sympathy redounds to the benefit, not the detriment, of the defendant").

California Supreme Court revisited the question, treating it as a matter of federal, not state, constitutional law. See *People* v. *Robertson,* 33 Cal. 3d 21, 56–59, 655 P. 2d 279, 286–287 (1982). In *People* v. *Easley,* 34 Cal. 3d 858, 671 P. 2d 813 (1983), the court explained that "the federal cases following *Furman* and *Gregg* do not undermine [the prior] line of California authority, but, on the contrary, establish that these decisions *are compelled as a matter of federal constitutional law." Id.,* at 876, 671 P. 2d, at 824 (emphasis added); see also *People* v. *Lanphear,* 36 Cal. 3d 163, 164, 680 P. 2d 1081, 1082 (1984) ("federal constitutional law forbids" the instruction at issue in this case). Finally, in the instant case, the court did not cite the State Constitution at all, but stated that it was relying on "the individualized sentencing concerns inherent in the Eighth Amendment." 40 Cal. 3d, at 537, 709 P. 2d, at 453. Thus, it seems that this case is one in which, " 'at the very least, the [state] court felt compelled by what it understood to be federal constitutional considerations to construe . . . its own law in the manner it did.' " *Delaware* v. *Prouse,* 440 U. S. 648, 653 (1979), quoting *Zacchini* v. *Scripps-Howard Broadcasting Co.,* 433 U. S. 562, 568 (1977). As such, we have jurisdiction to review the California Supreme Court's decision. "If the state court misapprehended federal law, '[i]t should be freed to decide . . . these suits according to its own local law.' " *Delaware* v. *Prouse, supra,* at 653, quoting *Missouri ex rel. Southern R. Co.* v. *Mayfield,* 340 U. S. 1, 5 (1950).

I also think the State has met its burden of demonstrating irreparable harm if its application for a stay is not granted. The California Supreme Court denied the State's application for a stay of issuance of its remittitur, and for an order deferring enforcement of its judgment, and issued the remittitur to the California Superior Court for Riverside County on January 30, 1986. The remittitur was filed by the Superior Court on February 3. Under California law, if the State does not hold a new trial on the issue of Brown's penalty

within 60 days of the filing of the remittitur, or by April 4, it will be forever barred from seeking the death penalty in the instant case. See Cal. Penal Code Ann. § 1382(2) (West 1982). On the other hand, since the California Supreme Court affirmed Brown's murder conviction, his status will be unaffected by the issuance of a stay pending disposition of the State's petition for certiorari. Accordingly, I grant the State's application for a stay.[3]

---

[3] The State's petition for certiorari also asks this Court to review a portion of the California Supreme Court's opinion in which it placed a new construction on certain portions of the California death penalty statute in order to avoid what it perceived to be a potential Eighth Amendment problem. See 40 Cal. 3d 512, 538–545, 709 P. 2d 440, 453–459 (1985). I express no view on whether this Court would be likely to grant certiorari on this issue, which was not relied upon by the California Supreme Court as an alternative basis for invalidating Brown's death sentence.