[No. B015163. Second Dist., Div. Four. June 18, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER EDWARD DERNER, Defendant and Appellant.

## COUNSEL

Gassner & Gassner and Michael J. Gassner for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas L. Willhite, Jr., and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

McCLOSKY, J.—Defendant, Peter Derner, appeals from a judgment of conviction entered after he pleaded no contest to three counts of child abduction in violation of a custody order. (Pen. Code, § 278.5.)

CONTENTIONS

Defendant contends that his "criminal prosecution was barred by Federal and State Constitutional provisions against double 'jeopardy.' [He] argues that the State did not have the right to try appellant in [this case]."

FACTS

On November 13, 1981, defendant picked up his four-year-old daughter, Nichole, for his weekend visitation period pursuant to a family law court order which awarded physical custody of the child to defendant's ex-spouse. Defendant did not return the child to the custody of her mother after his period of visitation expired.

On January 16, 1985, the child was returned to her mother with the assistance of the Missouri law enforcement agencies. Defendant voluntarily returned to California and surrendered.

On March 1, 1985, defendant appeared before the family law court on an order to show cause re contempt[1] filed by defendant's ex-spouse in November 1981 based on his failure to comply with the custody order and return his daughter to her mother.

Defendant waived his constitutional rights and pleaded guilty to contempt. The court adjudged him in contempt and ordered defendant to five days in county jail with credit for two days served and to pay a $1,000 fine. The court then suspended execution of defendant's sentence for one year on the condition that he was not to violate any law or family law court order during that period. The purpose stated on the minute order for the staying of the execution of sentence and the continuance of the matter for a year was "for the purpose of reviewing compliance with the Court's order."

On March 3, 1985, the district attorney filed an information charging defendant with two counts of detaining and concealing a minor child with the intent to deprive another person of her right to custody and visitation in violation of a court order (Pen. Code, § 278.5; counts I, II); and one count of retaining and concealing his minor daughter from his ex-spouse after the expiration of his visitation period in violation of a court order. (Pen. Code, § 278.5; count III.)

---

[1]Appellant requests us to take judicial notice of "all documents filed in [L.A.S.C.] Case No. EAD 54455 [entitled In re Marriage of Beverly Derner and Peter Derner] and further requests that the file be delivered to this court for consideration of appellant's position." We do so.

On March 11, prior to his preliminary hearing in municipal court, and, on April 8, prior to his arraignment and plea in superior court, defendant moved to set aside the information on the ground that it placed him in double jeopardy. Both motions were denied.

On May 24, defendant waived his constitutional rights and pleaded nolo contendere to the charges against him. The court suspended criminal proceedings, granted probation for a period of five years on certain terms and conditions, among which were that he spend the first year in the county jail, stayed for one year, make restitution, support his dependents and obey all laws, orders, rules and regulations of the probation department and the court.

## DISCUSSION

### I

Defendant contends that his contempt conviction for failing to return custody of his daughter to his ex-spouse prohibited the subsequent felony prosecution based on the same act because it placed him in double jeopardy.

Both the California and United States Constitutions prohibit placing a person twice in jeopardy for the same offense. (Cal. Const., art. I, § 15; U.S. Const., Amend. V.) The People, however, maintain that this constitutional prohibition does not apply to the instant case because the prior contempt proceeding against defendant was civil in nature. If the contempt proceeding was civil in nature the subsequent criminal prosecution of defendant did not constitute double jeopardy. (See *Breed* v. *Jones* (1975) 421 U.S. 519, 528 [44 L.Ed.2d 346, 354-355, 95 S.Ct. 1779]; *Yates* v. *United States* (1957) 355 U.S. 66, 74 [2 L.Ed.2d 95, 102, 78 S.Ct. 128].)

■ "A civil contempt *proceeding* is criminal in nature because of the penalties that may be imposed. (*Raiden* v. *Superior Court* (1949) 34 Cal.2d 83 [206 P.2d 1081].) Alleged contemners are entitled to most [but not all[2]] constitutional rights guaranteed to all criminally accused persons. (*In re Martin* (1977) 71 Cal.App.3d 472 [139 Cal.Rptr. 451].)" (*In re Witherspoon* (1984) 162 Cal.App.3d 1000, 1001-1002, fn. omitted [209 Cal.Rptr. 67]; italics added.)

But whether the *nature* of the trial or proceeding may be described as criminal or quasi-criminal (*In re Witherspoon, supra,* 162 Cal.App.3d 1000;

---

[2]The California Supreme Court is presently considering whether there is a right to a jury in contempt proceedings for out-of-court violation of court orders. (*Mitchell* v. *Superior Court* (Cal.App.) hg. granted Sept. 13, 1984 (S.F. 24790).)

Adams & Sevitch, Cal. Family Law Practice (7th ed. 1986) Contempt, § 0.139, p. 0.35), the courts look to what is primarily sought to be accomplished by imposing sentence in order to determine whether to consider the contempt civil or criminal.

Thus, in *Shillitani* v. *United States* (1966) 384 U.S. 364, 370 [16 L.Ed.2d 622, 627, 86 S.Ct. 1531], the United States Supreme Court set forth the following test: "[W]hat does the court primarily seek to accomplish by imposing sentence?" If the purpose of the sentence is to vindicate the dignity or authority of the court, then the proceeding is criminal. (*People* v. *Lombardo* (1975) 50 Cal.App.3d 849, 852 [123 Cal.Rptr. 755]; 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 176, pp. 172-173.) If, on the other hand, the sentence is intended to protect and enforce the rights of private parties by compelling obedience to court orders and decrees, then the proceeding is said to be civil. (*Morelli* v. *Superior Court* (1969) 1 Cal.3d 328, 333 [82 Cal.Rptr. 375, 461 P.2d 655]; *People* v. *Lombardo, supra,* 50 Cal.App.3d at pp. 852-853; 7 Witkin, *supra,* § 175, p. 172.) In other words criminal contempt *punishes* whereas civil contempt *coerces.*

The record before us reveals that in case No. EAD 54455 defendant's sentence on his having been adjudged in contempt was five days in county jail and a $1,000 fine. In his allocation of judgment the trial court stated that the proceedings were suspended and continued the matter for one year. Appellant was told by the trial court that as a condition of probation appellant was to "[v]iolate no laws for one year. You are not to violate any other court orders in this file for a period of one year." On the other hand the minute order states that "[e]xecution of sentence is stayed and matter is continued to 3-3-86 . . . for the purpose of [the trial court's] reviewing compliance with the Court's order."

■ In the case of a conflict between a minute order and the trial court's actual allocation of judgment the latter must, and does, prevail. While not explicitly stated by the trial judge in the family law case there is enough in his statement from which it is obvious that at least the primary part of his purpose was coercive, that is, to dissuade appellant from engaging in any reoccurrence of his past violation of the family court orders and not merely to punish him for his past violation of that court's orders.

■ We accordingly hold that the contempt proceeding against appellant was civil in nature and did not invoke the jeopardy provisions of the United States or California Constitutions and that the subsequent prosecution of the case before us did not place appellant in double jeopardy.

In view of the dispositive nature of that holding we need not, and do not, decide respondent's contention that appellant was not placed in double

jeopardy because the underlying elements of the civil contempt and the criminal conviction differed.

The judgment is affirmed.

Kingsley, Acting P. J., and Recana, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied September 25, 1986. Mosk, J., was of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.