HICKS, DISTRICT ATTORNEY FOR COUNTY OF
ORANGE, CALIFORNIA, ACTING ON BEHALF OF
FEIOCK v. FEIOCK

No. A–288.   Decided October 23, 1986

JUSTICE O'CONNOR, Circuit Justice.

Applicant requests that I issue a stay pending the filing and disposition of a petition for certiorari to review the judgment of the California Court of Appeal, Fourth Appellate District, Division Three.   The California Court of Appeal judgment granted Phillip William Feiock's petition for habeas corpus, holding that the United States Constitution requires that the government prove beyond a reasonable doubt in a civil contempt proceeding that Mr. Feiock was able to comply with a previous court order.   The Orange County Superior Court had ordered Mr. Feiock to make child support payments, and after Mr. Feiock failed to comply with this court order, he was held in civil contempt.   He was sentenced to a 25-day suspended sentence, placed on probation, and ordered to begin making his child support payments or prepare himself for incarceration.   At the civil contempt hearing, the

trial court applied Cal. Civ. Proc. Code Ann. § 1209.5 (West 1982), which provides that proof that a court of competent jurisdiction had issued a child support order which was filed and served on a parent, together with proof of noncompliance, constitutes prima facie evidence of a contempt of court.

On petition of Mr. Feiock, the California Court of Appeal granted a writ of habeas corpus and annulled the judgment of contempt. *In re Feiock*, 180 Cal. App. 3d 649, 225 Cal. Rptr. 748 (1986). The court held that § 1209.5 was unconstitutional under the Due Process Clause of the Fourteenth Amendment because it created a mandatory presumption that shifted the burden of proof to the defendant, requiring him to prove that he was unable to comply with the child support order. The court relied on this Court's decisions involving the use of mandatory presumptions in criminal prosecutions. See *Sandstrom* v. *Montana*, 442 U. S. 510 (1979); *Ulster County Court* v. *Allen*, 442 U. S. 140 (1979). The Supreme Court of California denied the State's petition for review.

My obligation as a Circuit Justice in considering a stay application under 28 U. S. C. § 2101(f) and Rule 44 of this Court is "to determine whether four Justices would vote to grant certiorari, to balance the so-called 'stay equities,' and to give some consideration as to predicting the final outcome of the case in this Court." *Gregory-Portland Independent School District* v. *United States*, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers). These factors lead me to conclude that the request for a stay should be granted.

I have serious doubts about the validity of the California Court of Appeal's conclusion in light of this Court's nearly unanimous decision in *United States* v. *Rylander*, 460 U. S. 752 (1983). In *Rylander*, this Court held that an alleged contemner has the burden of showing a current inability to comply with a court order, and that a contemner must overcome a presumption of ability to comply with a court order. Moreover, the decision of the California Court of Appeal that the

State must prove a parent's ability to comply with a child support order has far-reaching implications for the enforcement of child support obligations. I think it fair to say, therefore, that at least four Justices would vote to grant certiorari. Furthermore, given this Court's holding in *Rylander*, I conclude that applicant is likely to prevail on the merits.

Finally, the balance of equities clearly weighs in favor of a stay. The father is required merely to comply with an admittedly valid child support obligation. The decision of the California Court of Appeal, however, will make it far more difficult for the State of California to enforce child support payments. As even the Court of Appeal observes, its judgment permits recalcitrant parents to "literally 'sit on [their] hands,' and defend any contempt allegation by relying on the prosecution's burden of proof." 180 Cal. App. 3d, at 654, 225 Cal. Rptr., at 750. The burden placed on the State, custodial parents, and children is unquestionably sufficient to support a stay. Finally, because the Orange County Superior Court has not yet dismissed the judgment of contempt it appears that this case is not moot. Cf. *California* v. *Brown* 475 U. S. 1301 (1986) (REHNQUIST, J., in chambers).

I therefore grant the requested stay of the enforcement of the judgment of the California Court of Appeal pending the timely filing and subsequent disposition of a writ of certiorari in this case.

*It is so ordered.*