[No. D005126. Fourth Dist., Div. One. July 8, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
HAIDEE AYUB, Defendant and Appellant.

## COUNSEL

Frank Zotter, Jr., and Diane C. Campbell, under apppointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, William M. Wood and Victor M. Nunez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WIENER, J.**—Defendant Haidee Ayub appeals from an order requiring her to pay restitution on a misdemeanor charge as a condition of probation on an earlier felony charge. Ayub claims that the two convictions did not evidence the same intent and therefore, the condition based on one was not reasonably related to the other. Ayub also seeks reversal of the judgment on the grounds of ineffective assistance of counsel claiming she was not properly represented at her hearing. We reject her contentions and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1981 Ayub was convicted of passing checks with insufficient funds. She pled guilty to a single felony count (Pen. Code, § 476a, subd. (a)) and the remaining count was dismissed. The court placed her on probation on the condition, inter alia, that she pay restitution to Vacation Village Hotel and not use or possess a checking account or checks other than those issued to her.

In 1983 Ayub started the American Tablecloth Company. After a brief time she lacked funds to cover her employees' paychecks. She was charged with grand theft (Pen. Code, § 487, subd. 1) and with the misdemeanor of issuing checks to employees with insufficient funds under Labor Code, section 212, subdivision (a). Her felony probation was revoked and reinstated, extended for five years to 1990 and conditioned on the payment of restitution for the misdemeanor charge. After a six-day restitution hearing

before a municipal court commissioner, it was determined that Ayub owed $55,014.74 in restitution to various employees. The commissioner's findings were adopted by Judge Domnitz at Ayub's formal sentencing hearing in the superior court.

## DISCUSSION

### I

■ Ayub first contends that requiring her to make restitution on the misdemeanor charge as a condition of her felony probation is unreasonable. The statute governing conditions of probation is Penal Code section 1203.1 which states: "The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence . . . upon those terms and conditions as it shall determine. . . .

". . . . . . . . . . . . . . . . . . . . . . . .

"The court may impose and require any or all . . . other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach and generally and specifically for the reformation and rehabilitation of the probationer, . . . ."

■ In order for a condition of restitution to be valid, it must be "reasonable" and further the dual purpose of rehabilitation of the offender and reparation to the victim. (See *Charles S.* v. *Superior Court* (1982) 32 Cal.3d 741, 747-748 [187 Cal.Rptr. 144, 653 P.2d 648]; *People* v. *Walmsley* (1985) 168 Cal.App.3d 636, 639 [214 Cal.Rptr. 170].) In *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290], the court established a three-part test to determine the general validity of a condition.[1] The first factor, applicable to this case, states that a condition of probation must have a "relationship to the crime of which the offender was convicted." (*Ibid.*)

Ayub's entire argument treats the restitution condition as though the misdemeanor has been committed at roughly the same time as the felony, analogizing to *People* v. *Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97]. In *Richards,* there was no probation revocation issue. Rather,

---

[1] "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], quoting *People* v. *Dominguez, supra,* 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)

the defendant was convicted on one of two grand theft charges but the trial court conditioned probation on payment of restitution for both counts. The Supreme Court determined that such a double restitution condition was improper on the facts of the case.

The analogy to *Richards* is not totally persuasive. Here, Ayub violated her felony probation by committing a misdemeanor, and the court properly revoked probation. ■ It is well established that a court may consider the nature of a probationer's violation in deciding whether to reinstate probation or sentence the probationer to state prison. (*People* v. *White* (1982) 133 Cal.App.3d 677, 681 [184 Cal.Rptr. 134].) Along similar lines, where a violation is not so serious as to warrant commitment to state prison, the court may invoke the authority of Penal Code section 1203.3 to modify the terms of probation to take into account the subsequent violation. (*In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445]; *In re Davis* (1957) 150 Cal.App.2d 790, 792 [310 P.2d 1031].) Arguably, even modified probationary terms must bear a reasonable relationship to the original crime. Here, however, the same result could have been effected indirectly had restitution been required as a condition of probation on Ayub's misdemeanor and had her felony probation been modified to include a.condition that she obey all court orders. (See, e.g., *People* v. *Derner* (1986) 182 Cal.App.3d 588, 591 [227 Cal.Rptr. 344]; *People* v. *Bookasta* (1982) 136 Cal.App.3d 296, 299 [186 Cal.Rptr. 193]; *People* v. *Wild* (1976) 60 Cal.App.3d 829, 831, fn. 1 [131 Cal.Rptr. 713].) Under such a scenario, if Ayub willfully failed to pay restitution which she had the ability to pay, she would be subject to probation revocation on both her felony and misdemeanor conditions.

■ In any event, even if this case were indistinguishable from *People* v. *Richards,* the condition requiring Ayub to pay just over $55,000 in restitution is nonetheless reasonably related to her earlier felony conviction. In *Richards* the Supreme Court held that unless the acts underlying the two counts involved the same state of mind, the rehabilitative purpose in imposing the condition would be thwarted. (17 Cal.3d at p. 622.) Ayub argues that "state of mind" necessarily equates to the specific intent of the offender when he committed the crime. She claims that because the first offense evidenced a specific intent to defraud and the second offense did not, there was no requisite relationship between the probation condition and the first felony offense.

After positing the state of mind theory, the *Richards* court elaborated by stating "[n]o rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime." (17 Cal.3d 614, 622.) The court used *People* v. *Williams* (1966) 247 Cal.App.2d 394 [55 Cal.Rptr. 550] as an illustration of different tendencies. In *Williams*

the defendant was convicted of assaulting a business owner who refused to take his credit card. The trial court ordered restitution towards the balance owed on the credit card as a condition of probation. The Court of Appeal found the condition invalid because its purpose was to discourage the defendant's tendency towards fiscal irresponsibility not his assaultive behavior. In *In Re Maxwell C.* (1984) 159 Cal.App.3d 263, 265 [205 Cal.Rptr. 310], the defendant was convicted of receiving stolen property and the court ordered that he pay restitution to the victims for the theft. The Court of Appeal concluded that the two crimes evidenced a different state of mind and therefore no rehabilitative effect could result from the condition. In contrast, in *People* v. *Walmsley, supra,* 168 Cal.App.3d 636, this court rejected a contention that restitution as a condition of probation was unreasonable where defendant was convicted of leaving the scene of an injury accident (Veh. Code, § 20001). Defendant had argued that his state of mind in leaving the scene was unrelated to his state of mind in causing the accident. (168 Cal.App.3d at pp. 639-640; see also *People* v. *Baumann* (1985) 176 Cal.App.3d 67, 77-79 [222 Cal.Rptr. 32].)

We do not believe *Richards's* state-of-mind requirement can be read as rigidly as Ayub would suggest. In this case, both of Ayub's convictions were for charges of writing checks with insufficient funds. Both convictions involved at a minimum the reckless disregard for responsible check writing and in each the victims were harmed monetarily. Even if her misdemeanor conviction did not involve the intent to defraud her employees, it clearly did involve an intentional violation of the conditions of her probation, namely, that she not possess a checking account. Under the circumstances, we conclude the condition requiring her to pay restitution was reasonably related to the felony for which she was on probation.

## II

Ayub claims that she was not afforded effective assistance of counsel at the probation revocation hearing. She contends her counsel made no argument regarding the propriety of a double restitution sentence, the commissioner's refusal to allow testimony concerning her state of mind at the time of each offense and the commissioner's use of nontestifying witnesses in assessing the amount of restitution.

In part I of this opinion we explained why the restitution condition was proper even assuming the misdemeanor violation did not involve a specific intent to defraud the victims. We thus confine our discussion to Ayub's contention that at the sentencing hearing before Judge Domnitz, her counsel should have objected to the commissioner's acceptance of claims by nontestifying witnesses as a basis for establishing the amount of restitution.

■ To establish ineffective assistance of counsel the appellant must demonstrate that her counsel did not act "in a manner to be expected of reasonably competent attorneys acting as diligent advocates." (*People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) It must be shown that counsel's actions "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (*Strickland* v. *Washington* (1984) 466 U.S. 668, 686 [80 L.Ed.2d 674, 692-693, 104 S.Ct. 2052].) The reasonableness of counsel's conduct must also be analyzed from counsel's perspective, taking into account the actions may have been purposeful strategy. (*Id.* at p. 690 [80 L.Ed.2d at p. 695].)

■ At the beginning of the restitution hearing, Ayub's counsel stipulated to the admission of the claims filed by Ayub's former employees with the Labor Commissioner.[2] Her counsel then called more than 60 witnesses over the course of a 6-day hearing in an effort to show that partial payment was already made to many of the victims. During this time Ms. Ayub repeatedly failed to produce documents which were requested. She also misrepresented facts on several occasions in an attempt to lessen her liability. She refused to cooperate with her probation officer and failed to timely produce records that would reveal the amount owed to the victims. At the close of the restitution hearing, the court chose to rely on the Labor Commissioner's report to establish the amount she owed "[d]ue to the defendant's astonishingly inept record keeping."

The court commissioner's conclusion was amply supported by the evidence. Having stipulated to the admission of the employee claims, Ayub has no basis now to object to the commissioner's decision to rely on such claims in establishing the amount of restitution owed. Counsel's failure to raise such an objection was therefore entirely proper.

DISPOSITION

Judgment affirmed.

Kremer, P. J., and Work, J., concurred.

A petition for a rehearing was denied August 5, 1988.

---

[2] Ayub does not contend this stipulation was inappropriate nor can we independently discern any basis for such a contention.