Filed 4/23/14  P. v. Knapp CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059322 |
| v. | (Super.Ct.No. FVI1102486) |
| MICHAEL RENE KNAPP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

1

In December 2011, defendant and appellant Michael Rene Knapp pled no contest to corporal injury to a spouse (Pen. Code, § 273.5, subd. (a));[1] in return, defendant was placed on probation for a period of 36 months on various terms and conditions. Defendant subsequently violated the terms and conditions of his probation. Following a probation revocation hearing pursuant to *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*), the trial court found that defendant had violated the terms of his probation and sentenced defendant to an aggravated term of four years in state prison. The trial court also ordered defendant to pay various fines, including a $240 restitution fine pursuant to section 1202.4 and a stayed $240 parole revocation restitution fine pursuant to section 1202.45.

On appeal, defendant contends that (1) the trial court abused its discretion in refusing to reinstate him on probation and failing to articulate its reasons for imposing an aggravated term; and (2) the trial court's imposition of a $240 restitution fine and a $240 parole revocation restitution fine (stayed) violates federal and California proscriptions against ex post facto laws. We reject these contentions and affirm the judgment.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

# I

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On October 26, 2011, defendant and his wife got into an argument over a cellular telephone. During the argument, defendant hit his wife in the face several times. He also choked her until she became unconscious. As a result, defendant's wife suffered bruising, scratches, lacerations, and swollen lips. Defendant denied attacking his wife.

On November 9, 2011, an information was filed charging defendant with inflicting corporal injury on a spouse (§ 273.5, subd. (a)). The information also alleged that defendant had served three prior prison terms (§ 667.5, subd. (b)).

On December 16, 2011, defendant pled no contest to the charge; in return, the prior prison terms were stricken.

On January 27, 2012, imposition of sentence was suspended and defendant was granted supervised probation for a period of 36 months on various terms and conditions. He was also ordered to serve 365 days in county jail with credit for time served. Among other conditions, defendant was ordered to enroll in a 52-week domestic violence program and report to court on August 8, 2012. On August 8, 2012, defendant failed to appear and a warrant was issued for his arrest.

On July 19, 2013, a *Vickers* probation revocation hearing was held. At that time, defendant's probation officer testified that defendant never made an attempt to contact

---

[2] The factual background of the underlying offense is taken from the probation officer's report.

probation following his release from custody. Defendant's probation officer also stated that he spoke with defendant on May 29, 2013, and defendant stated that he did not enroll in a domestic violence program because he did not know he was on probation. Defendant claimed that he believed he was off probation when he was released from jail; that he was new to probation; and that he had never been involved with the law before. However, defendant had a lengthy criminal history dating back to 1980; he had been to prison twice and had 10 prior grants of probation.

At the conclusion of the hearing, the trial court found that defendant violated the terms of his probation. The court thereafter proceeded to sentencing, and noted that it had an eight-page supplemental probation report.

The probation report recommended that defendant receive the aggravated term of four years based on the following factors in aggravation: (1) the crime involved great violence; (2) the victim was particularly vulnerable; (3) defendant engaged in violent conduct indicating a serious danger to society; (4) defendant's prior convictions are numerous and of increasing seriousness; (5) defendant had served prior prison terms; (6) defendant was on parole when he committed the current crime; and (7) defendant's prior performance on probation and parole was unsatisfactory. There were no factors listed in mitigation.

Defense counsel informed the court that he understood defendant had a lengthy criminal history and that defendant had been in and out of custody, but that defendant was getting older, had a history of abusing drugs, and had taken it upon himself to better

4

his life. Defense counsel explained that since defendant's release from jail, defendant had been living in a sober living house and that he had been attending drug and alcohol treatment programs, as well as life skills and anger management classes. Defense counsel noted that defendant was one of the "best residents" at the sober living home and was attempting to become a beneficial member of society. Defendant and his counsel requested that defendant be reinstated on probation.

The trial court stated that the problem "really is [defendant's] record," noting that it was "horrendous, almost two full pages." The court thereafter asked the probation officer, based on what he had heard, if he was inclined to make a different recommendation. The probation officer stated, "No. I am not." The court then asked the probation officer why he had chosen the aggravated term as opposed to the middle or mitigated term. The probation officer explained, "Just for [defendant] taking no responsibility for his action. He has a lengthy history, and he basically just told me . . . I don't know nothing about this. Not only that, he was on parole, too, at the time; that he absconded for a year according to his parole agent. So in addition to not complying with probation, he failed to comply with parole terms and conditions, too." The court thereafter sentenced defendant to four years in state prison with credit for time served and ordered defendant to pay various fines, including a $240 restitution fine pursuant to section 1202.4 and a stayed $240 parole revocation restitution fine pursuant to section 1202.45.

II

DISCUSSION

A.      *Imposition of Aggravated Term*

Defendant complains the trial court abused its discretion in refusing to reinstate him on probation.  He also argues the court erred in failing to state its reasons for declining to reinstate his probation and selecting the upper term of four years.  The People respond defendant forfeited his claim that the court failed to state sufficient valid reasons for imposing the aggravated term for failing to object below.  In the alternative, the People maintain defendant's claim lacks merit and, even if the court erred, it was harmless.

Initially, we agree with the People that defendant, by failing to object at trial, forfeited his claim that refusal to reinstate probation and imposing the upper term was improper on the ground that the trial court failed to state on the record its reasons for its sentencing choices.  (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["We conclude that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices."]; see also *People v. Velasquez* (2007) 152 Cal.App.4th 1503, 1511; *People v. Davis* (1995) 10 Cal.4th 463, 552.)

In *People v. Gonzalez* (2003) 31 Cal.4th 745, our Supreme Court reaffirmed the waiver doctrine articulated in *Scott* and rejected the argument that the waiver doctrine is inapplicable if the court does not issue a tentative decision.  (*Id*. at p. 748.)  The court

6

noted, "It is only if the trial court fails to give the parties any meaningful opportunity to object that the *Scott* rule becomes inapplicable." (*Id*. at p. 752.)

Here, though defendant had an opportunity to object, he did not object at sentencing that the trial court purportedly failed to state sufficient valid reasons in denying probation and imposing the upper term. Having failed to bring the issue to the court's attention, defendant cannot argue this claim on appeal. (*People v. Scott*, *supra*, 9 Cal.4th at pp. 353-355.)

Additionally, we reject defendant's claim that the trial court abused its discretion in refusing to reinstate him on probation and selecting the upper term. Courts have broad sentencing discretion, and we review a trial court's sentencing choices, including whether to reinstate probation or impose a prison sentence, and whether to impose the upper term, for abuse of discretion. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582-1583; *People v. Downey* (2000) 82 Cal.App.4th 899, 909.) We reverse only if there is a clear showing the sentence was arbitrary or irrational. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196.) A trial court abuses its discretion if it relies upon circumstances that are not relevant to, or that otherwise constitute an improper basis for, the sentencing decision. (*People v. Sandoval*, *supra*, at p. 847; *People v. Moberly*, *supra*, at p. 1196.)

California Rules of Court, rule 4.435(b)(1), provides in pertinent part that when a court imposes sentence after revoking probation, "[t]he length of the sentence must be based on circumstances existing at the time probation was granted, and subsequent events

may not be considered in selecting the base term or in deciding whether to strike the additional punishment for enhancements charged and found." The rule "clearly prohibits the superior court from considering events subsequent to the grant of probation when determining the length of a prison term upon revocation of probation." (*People v. Goldberg* (1983) 148 Cal.App.3d 1160, 1163, fn. 2.) The "spirit and purpose of the rule" is to "preclude the possibility that a defendant's bad acts while on probation" will influence his sentence upon revocation of probation.[3] (*Id.* at p. 1163.) On the other hand, it is well settled that a court may consider events occurring subsequent to a probation grant when deciding whether to revoke or reinstate probation. (*People v. White* (1982) 133 Cal.App.3d 677, 681; *People v. Jones* (1990) 224 Cal.App.3d 1309, 1316, fn. 4; *People v. Ayub* (1988) 202 Cal.App.3d 901, 905.)

Our review of the record shows that the trial court did not abuse its discretion in refusing to reinstate probation and selecting the upper term. As noted above, the record clearly shows that defendant intentionally disobeyed the terms and conditions of his probation and appeared to take no responsibility for his actions. The criteria affecting reinstating probation, including the circumstances in mitigation and aggravation, were presented to the court in the probation report as well as by defense counsel's argument. The court was well aware of defendant's reasons for his noncompliance with the

---

[3] California Rules of Court, rule 4.435 does not preclude a sentencing court's consideration of events occurring between an initial grant of probation and a reinstatement of probation. (*People v. Black* (2009) 176 Cal.App.4th 145, 150-151; *People v. Harris* (1990) 226 Cal.App.3d 141, 145.) Here, however, probation was never revoked and reinstated, and *Harris* and its progeny are inapplicable.

probation terms, i.e., that he believed he was off probation when he was released from jail and that he was new to probation. The court was also aware that defendant had a lengthy criminal history, which included two prior prison terms and 10 prior grants of probation. Even though defendant had been given opportunities to succeed on probation, defendant had failed to demonstrate a desire to change his noncompliant behaviors as evidenced by the record. The trial court considered defendant's history, the arguments of counsel, and the probation report submitted at sentencing. It was not required to set out its reasons for either rejecting or minimizing the mitigating factors asserted in defense counsel's argument. (*People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.)

The trial court also did not abuse its discretion in imposing the upper term. Although the court only specifically cited defendant's lengthy criminal history, there were many other valid factors in aggravation to support the imposition of an upper term, such as the crime involved great violence, defendant's prior performances on probation and parole, and the fact that defendant was on parole when he committed the current crime. Moreover, a single factor in aggravation is sufficient to support imposition of an upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 728.) Defendant does not dispute the factors that he has a lengthy criminal history, that his prior performances on probation and parole were unsatisfactory, and that he was on parole when he committed the current crime. Thus, even if defendant had objected to the trial court's failure to articulate sufficient reasons in refusing to reinstate probation and selecting the upper term, the

9

defendant would not obtain a more favorable outcome.  Based on the numerous factors in aggravation, we discern no abuse of discretion in the imposition of the upper term.

In the absence of any showing that the court's decision was arbitrary or capricious, we conclude the trial court did not abuse its discretion when it denied defendant's request to reinstate his probation and selected the upper term.

B.      *Restitution Fine*

"It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions."  (See *People v. Souza* (2012) 54 Cal.4th 90, 143.)  Thus, a defendant may challenge the imposition of a restitution fine under section 1202.4 as violating the ex post facto clauses of the California and federal constitutions, if the fine is greater than authorized by section 1202.4 at the time he committed his crimes.  (*Ibid*.)

Section 1202.4 mandates that the trial court order a convicted defendant to pay a restitution fine "unless [the court] finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  (§ 1202.4, subd. (b).)  If the defendant is convicted of a felony, the amount of the restitution fine "shall be set at the discretion of the court" and cannot be less than $240 (starting January 1, 2012), or greater than $10,000.[4]  (§ 1202.4, subd. (b)(1).)  However, at the time defendant committed his crime,

_____

[4]  The minimum amount increases to $280, starting January 1, 2013, and to $300, starting January 1, 2014.  (§ 1202.4, subd. (b)(1).)

10

the amount of a restitution fine under former section 1202.4 ranged from $200 to $10,000. (See *Souza*, *supra*, 54 Cal.4th at p. 143 [explaining former section 1202.4].)

Accordingly, defendant now contends the restitution fine should be reduced to $200. Similarly, because the parole revocation restitution fine must match the restitution fine (§ 1202.45), he asks that this fine also be reduced to $200. However, defendant failed to object to the amount of the restitution fine and the parole revocation fine in the trial court, and thus has forfeited any challenge to the amounts of these fines.

As previously noted, the failure to make a timely and meaningful objection forfeits or waives certain claims on appeal. (*People v. Scott, supra*, 9 Cal.4th 331, 351.) In *Scott*, the California Supreme Court held that these claims include "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons." (*Id*. at p. 356.) "In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Id*. at p. 354.) "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [Fourth Dist., Div. Two].) As this court held in *Garcia*, "because defendant did not object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal." (*Ibid*.)

Defendant requests that this court nonetheless consider his claim on the merits. We decline to do so, and note that our Supreme Court has stated that "the 'unauthorized

11

sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]" (*People v. Scott*, *supra*, 9 Cal.4th at p. 354.) "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) Here, the trial court could have imposed a restitution fine and a parole revocation fine in any amount between $200 and $10,000. As the actual restitution fine and the stayed-parole revocation fine fell within that range, the restitution order was not unauthorized.

Because the $240 fines were not unauthorized, defendant forfeited any claim that the trial court mistakenly imposed more than the minimum fine by not raising it at the sentencing hearing.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ       
P. J.

We concur:


McKINSTER     
      J.


KING      
      J.